WRIGHT, Presiding Judge.
There was submitted to the trial court a complaint for divorce together with answer and cross complaint. The court heard oral testimony, and there were submitted depositions ajnd agreement of the parties as to child custody and support. It was agreed that the court would determine a reasonable attorney fee for counsel of the wife. Judgment was rendered divorcing the parties. The wife was awarded the real property to which she already held title. The husband was ordered to pay twenty-five (25%) percent of his “take-home” pay as support for the three children. He was directed to pay $2,000 for the wife’s attorney. The husband appeals.
The first issue presented is that the award of twenty-five percent of the husband’s “take-home” pay as child support is so uncertain as to be error.
The record discloses that there was no evidence offered as to the husband’s salary or “take-home” pay. Neither was there evidence presented as to the needs of the two minor children. There was evidence that the husband was a certified public accountant with high earnings in previous years. However, he was presently a bankrupt with no present assets. There was a joint deposition of the parties submitted to the court containing an agreement that child support should be twenty-five percent of the husband’s “take-home” pay after deduction of taxes and health insurance premiums. The judgment of the court merely accepted that agreement.
We are not cited to any Alabama case previously decided on the question of whether or not a judgment awarding support as a percentage of the father’s income is acceptable. In this case, because the judgment merely accepted the agreement of the parties, we do not find such judgment erroneous. Ralls v. Ralls, 383 So.2d 857 (Ala.Civ.App.1980). It is easily seen that a percentage of income subject to probable fluctuation is uncertain for the recipient from payday to payday. However, it is not impossible of determination for enforcement or collection purposes if not timely paid. We do not recommend such a judgment and recognize it may bring problems to the court. If it does, it may be modified. Prouty v. Prouty, 388 So.2d 1012 (Ala.Civ.App.1980). We will not often consider a matter erroneous in a judgment to which the party complaining has agreed— particularly where such party has failed to provide a basis in the evidence for any other judgment.
The husband also complains of the award to the wife of the home and its acreage.
Title to the home was totally in the wife by virtue of a deed from the husband made prior to his filing for bankruptcy and for the divorce. There is a mortgage on it obligating the payment of $23,000 by the wife. There was testimony of the husband taken under oath before the bankruptcy court that he claimed no title to nor interest *599 in the home. There was conflicting testimony before the court as to the parties’ investment in the home prior to separation.
In any divorce case, it is recognized that the trial court has the discretion to make a fair and equitable division or award of the real property resulting from the marriage. McLain v. McLain, 384 So.2d 114 (Ala.Civ.App.1980). In this case the court awarded the wife a title to property which she already held in fee simple. It was the home of her children whose care and custody were given to her. It was property in which any interest had been disclaimed under oath by the husband. It was property which she had pledged as security for payment of $23,000. It was property which is presumed by law to have been conveyed to her by her husband as a gift. Cone v. Cone, 331 So.2d 656 (Ala.1976). With all these considerations before him, the learned trial judge did not abuse his discretion in the award of it to the wife.
 The third error contended is the failure of the court to include in its judgment all of the matters upon which the parties had agreed. Husband and wife had agreed that all office furniture found in the home, if any, was to be given the husband. The judgment did not contain an award of office furniture. Our review of the record does not find any evidence that the house contained any office furniture. There was no testimony relative thereto. The husband did not seek any amendment to the judgment in his post-trial motion. Rule 59(e), A.R.Civ.P. The trial court may adopt or reject such parts of an agreement as it may deem proper. Brothers v. Vickers, 406 So.2d 955 (Ala.Civ.App.1981). Such omission was not error.
Lastly, abuse of discretion is charged in the award of $2,000 to the wife as an attorney fee. There is no error to be charged in an award of an attorney fee when the parties submit the matter to the court without testimony as to a reasonable amount, unless the award, in view of the record, is so great as to shock the conscience of the reviewing court. Williams v. Williams, 411 So.2d 154 (Ala.Civ.App.1982); Tidwell v. Tidwell, 379 So.2d 614 (Ala.Civ.App.1980).
We have considered the issues presented by appellant in spite of the contention of appellee that they were not properly raised by a post-trial motion. We suggest counsel for appellee review the recent case of Securitronics of America v. Bruno’s, Inc., 414 So.2d 950 (Ala.1982).
Finding no ground for reversal, the judgment is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.