THIGPEN, Judge,
concurring specially.
I agree with the majority that the proper amount of child support for this father to pay should be based on the guidelines; however, I do so because I believe the child support ordered by the Alabama court established an original support order, and, therefore, that there is no requirement for the mother to show “a material change of circumstances that is substantial and continuing.” Rule 32(A)(2)®, A.R.J.A.
The February 1991, divorce judgment is silent regarding any child support obligation of the father. That judgment expressly recognized the existence of a previous “Joint Custody and Implementation Plan” and ordered that “the custody of the minor child ... shall continue to be governed by” that plan.
A trial court is free to adopt or reject all or portions of an agreement between the parties and merge such into the trial court’s final divorce judgment. Owen v. Owen, 419 So.2d 597 (Ala.Civ.App.1982); and Fox v. Dick, 389 So.2d 940 (Ala.Civ.App.1980). The question of whether the previous agreement is merged into the decree or survives as an independent action depends upon the intentions of the parties and the court. East v. East, 395 So.2d 78 (Ala.Civ.App.1980).
Here, a previous agreement was adopted only “with respect to the custody of the minor child.” It would have been a simple matter for the Louisiana trial court to incorporate provisions for this child’s support or to adopt by reference the entire agreement of the parties executed at the time the decree of separation was entered in 1989. This the divorce court did not do. Notwithstanding the aforementioned logic, it is questionable whether, following the divorce, there exists a provision for the support of this child which can be modified at the mother’s petition. If such a support provision merged into the divorce decree, the mother must prove “a material change of circumstances that is substantial and continuing” since the February 1991, judgment. Rule 32(A)(2)®, A.R.J.A. I believe the better position would be that since the divorce judgment did not address the issue of child support, the Alabama court is now asked to establish support for this child for the first time. After consideration of the proper factors, the trial court entered its support order, and I would affirm that order as an original child support order. The law is clear that a correct decision will not be disturbed even if the trial court entered it for a wrong reason. Boykin v. Magnolia Bay, Inc., 570 So.2d 639 (Ala.1990).