This is a domestic relations case involving past due alimony and child support.
The dispositive issues are as follows:
1. Did the trial court err to reversal in allowing the father credit for child support payments while the children lived with the father? *Page 278 
2. Did the trial court err in finding the minor children to be self supporting and thereby relieving the father from support?
3. Did the trial court err in allocating portions of a "lump sum" award as alimony and child support?
We answer all of the above in the negative and affirm.
Viewing the testimony, as revealed by the record, with the attendant presumptions of correctness, we find the following:
The parties, after twenty-three years of marriage and four children, were divorced on February 19, 1971. Custody of the two teenage boys was awarded to the wife and the husband was ordered to pay $25 per week as combined alimony and child support. Specifically, the decree in this regard reads as follows:
 "FOURTH: That the Plaintiff shall have, and is hereby awarded, the care, custody and control of any and all of the minor children of the parties who desire to live with her, subject to reasonable visitation privileges on the part of the Defendant, and the Defendant is ordered and directed to pay to the Plaintiff, as alimony and support for said children, the sum of $25.00 per week, first payment being due and payable on the 19 day of February, 1971, and a like sum on Friday of each week thereafter, pending further orders of this Court."
The husband was also ordered to pay the house rent and all utilities for the wife. This decree was amended on March 31, 1971, to increase the amount of the payments to $42.50 and strike the provision requiring the husband to pay the wife's house rent and utilities. These payments were to be made on each Friday.
Arthur J. Nabors, Jr. (the older of the two teenage boys) left the wife's house and moved in with the husband in January, 1972. He continued to live with his father until October, 1973, at which time he returned to live with his mother. During the time Arthur Nabors, Jr., was living with his father, he began working and has continued to do so since returning to live with his mother. In fact, he contributes $20 per week to the wife for room and board and upkeep of the trailer.
Bobby Nabors, the other child of the marriage, also moved in with the husband in April, 1972. He continued to live with the husband until he moved to the husband's mother's house. In October, 1974, he returned to live with the wife and has continued to live there. Bobby Nabors also began working while he was living with his father and has continued to do so while living with his mother. He also contributes $20 per week to the wife for room and board and upkeep.
The record reveals the husband initially made some alimony and support payments to the registry of the court. However, the husband ceased making any payments once the boys began living with him. In April, 1977, the wife caused a garnishment to issue on the husband's wages, claiming approximately $13,500 for back alimony, utilities, and rent due. The husband then filed a petition seeking a determination of the amount of arrearages and to relieve the husband of any further payments since the boys had reached majority.
After an ore tenus hearing, the trial court determined the total amount of the arrearage, giving credit to the husband for the time the minor children lived with him up through the time the children became self-supporting, i.e., the children were still living with the husband when they began working. The trial court further stated the obligation for support terminated when they were self-supporting. In order to give such credits, the court made a proportional allocation of the "lump sum" alimony and child support award, finding the wife was entitled to one-third of the amount of the award as alimony with the other two-thirds for support of the minor children.
Thereafter, the court found the husband in arrears in alimony for approximately $4,400 and ordered the amount of the garnishment to be reduced to that sum. Appellant-wife appeals.
As noted above, the wife contends the trial court erred in determining the arrearage *Page 279 
by virtue of having given the husband credit for the time period the children came to live with him. In support of her argument, the wife argues that installment payments for child support and alimony become final judgments as of the date they are due and are not subject to modification. Osborne v.Osborne, 57 Ala. App. 204, 326 So.2d 766 (1976); Fletcher v.Fletcher, 56 Ala. App. 492, 323 So.2d 379 (1975).
However, the ultimate issue here is not whether such past due installments are considered as final judgments beyond the power of a trial court to modify, but rather whether such "judgments" may be considered partially paid and satisfied [by way of credits applied against an arrearage] under the evidence presented in this particular case.
This court stated in Binns v. Maddox, 57 Ala. App. 230,327 So.2d 726 (1976), that proceedings to enforce a decree for the support and maintenance of a child are subject to any valid defense against the required payment.
When an order requires divorced husband to make periodic payments for the support of children and he has supported the children while they lived with him, the wife cannot recover payments for support during that period, nor during the period third persons were supporting the children, or the children were supporting themselves. The husband, however, is given credit for those periods in which he [or some third person] supports the child or in which the child is self-supporting. See Battles v. Battles, Ala.Civ.App., 338 So.2d 1021 (1976);Headley v. Headley, 277 Ala. 464, 172 So.2d 29 (1965); 27B C.J.S. Divorce § 321 (5).
As noted above, Arthur Nabors, Jr., lived with the husband from January, 1972, to October, 1973. During that period, the husband supported the child and during which time the child also began working. Bobby Nabors lived and was supported by the husband or the husband's mother from April, 1972, to October, 1974. He also began working during this period. Both children have continued to work and are now each paying the wife $20 per week for room and board and upkeep of the trailer.
In view of the above, we cannot say the trial court erred in giving the husband credit for the periods in which the children were supported by and lived with the husband. The husband was the one who supported the children and, therefore, the wife cannot recover payments for their support during that period. See Battles v. Battles, supra; Headley v. Headley, supra.
The undisputed evidence reveals that both children, as teenagers, started working full time after they moved in with the husband. Both children have continued to work steadily since that time and now make weekly payments to the wife for her support.
In view of these facts, the trial court did not err in finding that both children were self-supporting. As noted above, a divorced wife cannot recover payments for support of her children during the period third persons were supporting them or they were supporting themselves. Therefore, the husband was entitled to a credit for the period in which they became self-supporting. See Adcock v. Adcock, 45 Ala. App. 328,229 So.2d 925 (1970); Probst v. Probst, 259 A.D. 1090, 21 N.Y.S.2d 294
(1940); 27B C.J.S. Divorce § 321 (5); 39 A.L.R.3d 1292.
When the children returned to live with the wife, they were self-supporting and have continued to remain that way. The wife cannot recover support payments because the children are supporting themselves. By virtue of this, the husband is entitled to a credit for the period in which they were self-supporting. In this case, the period of self-support extended from the time they returned to live with the wife until each reached his majority, at which time his support obligations ceased.
To summarize, the evidence supports a finding by the trial court that the husband was entitled to a credit against the arrearage for the period of time each lived with him. He is also to be given credit for the time in which they were self-supporting, as noted above. Finally, the appellant-wife argues that the trial court was without *Page 280 
authority and abused its discretion in determining what proportion of the "lump sum" constituted alimony and child support. Such is not the case.
Unless the trial court has this authority to allocate between alimony and child support, the authority of the court to award credits to the father would be meaningless where an award of alimony and child support is awarded such as we have in this instance. To hold otherwise would create an anomaly in which the trial court can allow a father credits but cannot compute the amount of such credits. In essence, no credits would be allowed.
A trial court may, in a final decree, specify what part of a monetary award to the wife is alimony and what part is for child support, but a failure to do so is not improper or error. See Boyd v. Boyd, 268 Ala. 409, 108 So.2d 176 (1959).
Along the same line, where such an order provided for alimony in a "lump sum" for the support of the wife and child, the lump sum could be separated and a reasonable part of it allocated for the children's part. The husband could then be given credit for the periods during which he [or other third parties] supported the child or the child was self-supporting. SeeProbst v. Probst, supra; 27B C.J.S. Divorce § 321 (5).
With the court having the authority to allocate a "lump sum" between child support and alimony, the trial court did not err in finding the husband entitled to credits, to apply against his arrearage, by virtue of his support of the children and their subsequent self-support. The above being dispositive of the issues, this case is thereby due to be and is affirmed. This court should not be understood as recommending that an award of alimony and child support payments be "lumped" together.
This opinion is also not to be construed as detracting from the law as stated in appellant's excellent brief, i.e., past due alimony and child support payments are immune to modification. This case involved, rather, the issue of the husband qualifying for credits which can rightfully be applied against an arrearage.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.