The former wife appeals from a judgment granting the former husband credit for sums paid to maintain the minor child of the parties in military school for weeks that the child was actually away from the mother's home. This credit was applied against child support payments due under the divorce decree.
The husband and wife were divorced on July 14, 1975. The divorce decree awarded legal custody of the minor son to the mother and support for the child in the amount of $25 per week. On May 30, 1978 the wife filed a motion to show cause why the husband should not be found in contempt for failure to make support payments. The wife alleged $5,200 in arrearages. She also included a petition for modification of the divorce decree to increase child support from $25 to $50 per week.
After hearing evidence orally, the trial court rendered a judgment on July 25, 1978. It granted modification of the child support *Page 307 
in the amount of $40 per week; found the husband to be $788 in arrears; allowed the husband credit for sums he paid to maintain the son in the military school for the time each year the child was away from the wife's home; denied the wife's petition for modification of the property settlement in the divorce decree; granted the husband's counter-petition for $6,000 owed him by the wife under paragraph four of the original divorce decree; and awarded $150 to the wife for attorney's fee.
It appears from the record that some support payments were made; however, the exact amount is uncertain due to conflicting testimony. The husband introduced checks into evidence showing amounts he paid to the wife or paid directly to Lyman Ward Military School for tuition and other school expenses during the years from 1975 through 1978.
The sole issue presented on appeal is whether the trial court erred in allowing credit for sums paid by the father to maintain the son in military school for the time each year that the son was away from the mother's home.
In Nabors v. Nabors, Ala.Civ.App., 354 So.2d 277 (1978), we said:
 When an order requires divorced husband to make periodic payments for the support of children and he has supported the children while they lived with him, the wife cannot recover payments for support during that period, nor during the period third persons were supporting the children, or the children were supporting themselves. The husband, however, is given credit for those periods in which he [or some third person] supports the child or in which the child is self-supporting. [Brackets theirs.]
The mother argues that the trial court obviously concluded that the father was entitled to credit against his arrearage during the time the child lived at the boarding school and away from her home. Such conclusion is erroneous, she says, for the reason that the boarding school cannot qualify for the "third person" support category set out in Nabors. The husband replies by saying that the trial court could have decided that the boarding school did support the child within the meaning of the "third person" doctrine contained in Nabors; or that he provided a sizeable amount of the cost of keeping the child in the boarding school, and thereby qualifies as a supporter of his child although the child did not actually live with him.
We cannot accept the proposition that the military school qualifies as a "third person" providing the support for the child. In the instant case the military school had indeed provided the actual necessities, such as clothes, food, shelter, schooling, etc., but the father and mother had paid the school for this support, with the father having paid a sizeable portion of it. In other words, the parents provided the support for the child, not the military school. The military school was merely a conduit through which the support was provided to the child. Accordingly, it cannot be said that the military school was a "third person" providing support for the child in question as contemplated by Nabors.
Although we said in Nabors that a divorced father cannot be required to pay child support payments to the mother when the children are living with him and being supported by him, we should not be understood as saying that the only way for the father to receive credit for support payments is for the child to have lived with him. We do not intend for that statement to be so construed.
In the instant case the evidence is undisputed that the father contributed a sizeable amount of money to the support of his child while the child was living in the military school, and he should not be deprived of a credit on child support arrearage just because the child did not physically live in his house. The key factor to be considered in giving credit for child support arrearage is whether the evidence shows that the father contributed to the actual support of the child, and the principle enunciated in Nabors should not be so narrowly construed as to frustrate this result. *Page 308 
The trial court's judgment allowing credits to child support arrearages for payments made by the father to a military school for boarding his minor son will be presumed correct unless it be shown that the judgment is plainly and palpably wrong. Such has not been shown to us.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.