PER CURIAM.
This is an appeal from a modification of a prior judgment of divorce entered in 1971.
The petitioner (former husband and ap-pellee) brought a petition seeking elimination of the alimony provisions of the judgment of divorce. The former wife and appellant answered and cross-filed for an increase of child support. After oral hearing, the trial court reduced the required alimony payment from $500 per month to $200 per month and increased the required payment for child support from $166 per month to $466 per month. The former wife appeals from the reduction of alimony. We affirm.
The evidence, stated succinctly, tends to show that the parties entered into an agreement as to division of property, and amount of alimony and child support at the time of their divorce. That agreement was incorporated by the court into the judgment of divorce. The petitioner had fully performed as agreed for some eight years until filing this petition for modification.
The former wife sold the home she received title to in the property settlement, and purchased a home in Mobile. She obtained permanent employment there in 1972 and now earns between $758 and $1,000 monthly.
Petitioner remarried and adopted the child of his new wife. His present income approximates $40,000 to $50,000 per year as compared to $25,000 per year in 1971.
The minor child of the marriage is now twelve years of age and in need of costly orthodontic treatment and appliances.
The trial court found that the present employment and income therefrom of the wife constituted a material change of circumstances from that existing at the time of the divorce. It therefore found the alimony should be substantially reduced. It also found the needs of the child to have substantially increased, warranting a substantial increase in child support.
It is to be noted that the modification entered does not diminish the monthly payment obligation for alimony and child support. It merely reallocates the total previously in force. In addition the petitioner was ordered to pay for the orthodontic work for the child.
We have carefully considered the evidence heard by the trial court in light of the legal presumption of its correctness. Montgomery v. Montgomery, 275 Ala. 364, 155 So.2d 317 (1963); Fuller v. Fuller, 368 So.2d 30 (Ala.Civ.App.1979). We are cognizant of the discretionary authority of the trial court to modify its prior judgment when there appears a material change in circumstances. Morrow v. Morrow, 351 So.2d 923 (Ala.Civ.App.1977). We are further cognizant that our review is bounded, not by what we might have done if sitting as the nisi prius court, but by whether the judgment of the trial court is so without support in the evidence as to constitute a clear abuse of its judicial discretion. Skipper v. Skipper, 280 Ala. 506, 195 So.2d 797 (1967); Childress v. Childress, 378 So.2d 1147 (Ala.Civ.App.1979).
It is sufficient to say that we find no such abuse. We therefore affirm the judgment below.
AFFIRMED.
All the Judges concur.