The parties were divorced in February 1977 after twenty years of marriage. The decree awarded custody of the couple's four minor children to the wife and directed the husband to pay $500 per month child support. In July 1980 the wife filed for a Rule Nisi, alleging that the husband owed $2,100 in accrued but unpaid child support since October 1978.
The answers to requests for admissions disclose that in October 1978, the parents agreed that the oldest child leave the home of the mother and reside with her father. The other children remained with the mother. At that time, the father unilaterally reduced his payments of support to $400 per month. The child who went to live with her father reached the age of nineteen years on February 1, 1980. The mother's claimed arrearage of support was for $100 per month from October 1978 to the filing of the petition for Rule Nisi in July 1980.
With only these facts before it, the trial court found that the defendant was in arrears in the payment of child support because *Page 78 
he had reduced the amount ordered without benefit of court modification; that the defendant is entitled to credit for the amounts expended for the support of the child who resided with him; and that the credits to which he is entitled are at least equal to the amount of the arrearage, thus no arrearage is owed. The petition for Rule Nisi was denied. Plaintiff-wife appealed. We reverse.
Claims of arrearage of ordered child support may be allowed off-set by credit for amounts expended by the obligated parent when such parent actually furnishes support for a child while in his custody or the custody of another. Keller v. Keller,370 So.2d 306 (Ala.Civ.App.), cert. denied, 370 So.2d 308 (Ala. 1979); Nabors v. Nabors, 354 So.2d 277 (Ala.Civ.App. 1978).
It would not have been error if the trial court had credited the $100 per month withheld by the father from the ordered amount of child support from October 1978 until February 1, 1980, if there was evidence that he had actually supported the child in that amount or more. However, there is no testimony that the father supported her in any amount during such time. The fact that she resided with him is insufficient. She may have been self-supporting.
In any event, there is no authority for the court to credit the father with any support furnished her after she reached majority. He had no legal obligation to do so. Therefore he had no legal excuse to claim credits against the ordered amount.Godec v. Godec, 346 So.2d 459 (Ala.Civ.App. 1977). The trial court correctly held that there was an arrearage due under the support order even though the father assumed custody and support because there had been no modification of the original decree by the court. Roberts v. Roberts, 357 So.2d 150
(Ala.Civ.App. 1977), writ quashed, 357 So.2d 154 (Ala. 1978). The order did provide for a reduction in the event of future change of events, such as one of the children attaining majority. The attaining of majority by the child did not modify the obligation of support any more than the change of custody. Such events only provided cause for seeking modification.
The judgment below must be reversed and the cause remanded for further proceedings not contrary hereto.
The requested award of attorney's fee is denied on authority of § 30-2-54, Code of Alabama (1975); Smith v. Smith,365 So.2d 88 (Ala.Civ.App. 1978).
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.