WRIGHT, Presiding Judge.
This case pertains to modification of a judgment for child support.
Plaintiff (mother) and defendant (father) were divorced in 1967. An agreement of the parties pertaining to child custody and support was incorporated into the judgment. There were no further proceedings in the case until the mother filed a petition for rule nisi and modification in February 1982.
The petition alleged that the father had refused to pay child support as agreed and ordered and was in arrears in the amount of $1,700. It was also requested by the mother that child support be increased. The husband answered the petition and filed a counter-petition seeking termination of child support and credit for overpayment as against any arrearage unpaid.
After oral hearing the court found an arrearage of $1,700, plus interest until paid, in child support after allowing all credits. Modification of the original judgment was denied. The father appealed.
Record of the evidence was established by the court pursuant to rule 10(d), (f), A.R. A.P.
The record discloses that by agreement of the parties the original judgment provided that the father was to provide $300 child support monthly. If the mother remarried such support would reduce to $250 per month until the two children completed their higher education. The father further agreed to provide tuition for a four-year college education, if they desired. (The mother did remarry, so child support reduced to $250 per month.)
Stated as pertinent, the evidence of the mother was that to the date of the trial, the father had failed to pay her a total of $1,000 during the latter part of 1973 and the first part of 1974. He failed to pay her $900 in 1981 and $900 in 1982 — a total ar-rearage of $2,800. For a time in 1973-74, the son had medical and emotional troubles requiring treatment. During that time he resided with and was supported by the father. During such period, the father reduced his child support payments to the mother to $125 per month.
In 1978 the son graduated from high school and went to work full time until February, 1982. He then became a full-time student at Samford University and lived with his mother. The son became nineteen years of age on December 19,1979.
The daughter graduated from high school in 1980 and entered Samford University in September, 1980. She became a boarding student full time in January, 1981, but came to her mother’s home on weekends. She became age nineteen in December, 1980. From the time the daughter became a boarding student, the father paid all of her college expenses exceeding $200 per month and tuition. She now lives with her father when not in school.
The issues presented are: (1) Should the father’s obligation to pay child support be credited with the sums spent while the son lived with the father in 1973-74 and with the support paid in full after the son reached age nineteen and was self-supporting? (2) Should the father be credited with sums spent for room and board after the girl began college? (3) Should child support be terminated because the daughter now is being fully supported by and living with the father? (4) Should support for the son be terminated because he became nineteen, self-supporting and did not seek a college education until he was past twenty-two years of age?
We respond to the first question by-observing that the testimony of the mother was that the arrearage was $2,800. The judgment of the court stated that it determined an arrearage of $1,700 “after allowing all credits.” The record contains some checks, payable to the mother, in varying amounts, dated at different dates from 1973 to 1981. There is nothing in the record as “settled” by the court sufficiently relating the checks to the issue of “credits” for this court to determine how the judgment was *1290 reached by the trial court. We therefore must presume its correctness. Rhea v. Rhea, 360 So.2d 1029 (Ala.Civ.App.1978). We further observe that the court has been open during the years since the divorce for modification of the support order as circumstances changed.
As to the contention that the father should be credited with sums spent for room and board for the daughter while she attended college, we are again confronted with the presumption of the correctness of the findings of the trial court when viewed in light of an incomplete record. It is shown by the record that the daughter, though attending college, continued to spend weekends at the mother’s home. The allowance of credits against an order for child support is a matter for the court’s discretion. Headley v. Headley, 277 Ala. 464, 172 So.2d 29 (1964). From the record we cannot conclude an abuse of that discretion here.
As to the third issue, we note that the obligation under the agreement for support of the children continued and would continue until they completed a four-year college education. There was no provision for division of the amount of support between the children nor if one of them was no longer dependent. However, the evidence presented was that the father was far exceeding the decreed total amount of support in providing college expenses and maintenance for the daughter. It was undisputed that as of the time of the last decree, she was fully dependent upon her father in all respects. He was providing all of her support. There was also evidence that the son had become self supporting, though after a delay of more than three years he had now decided to attend college.
Authority for credits of actual amounts expended by the obligated parent for support is found in the cases of Weaver v. Weaver, 401 So.2d 77 (Ala.Civ.App.), cert. denied, 401 So.2d 78 (Ala.1981); Keller v. Keller, 370 So.2d 306 (Ala.Civ.App.), cert. denied, 370 So.2d 308 (Ala.1979).
As to the fourth issue, to wit, the trial court’s action in refusing to terminate the obligation for the monthly support of the children, we find no error. Whether the court has power to modify a child support award based on an agreement, after the child reaches majority, is pretermitted.
In Fox v. Dick, 389 So.2d 940 (Ala.Civ.App.1980), it was said: “Divorce decrees are to be construed like other written instruments and if there is uncertainty and ambiguity, the court must construe it so as to express the intent of the parties.... Such intent can be derived from the provisions of the judgment.”
In this ease, the agreement and decree provided for the payment of support “until the children complete their higher education .... Respondent further agrees to provide college or university tuition for a four-year education for each of said children if they so desire.”
Considering the agreement and facts of this case, we cannot say the trial court erred in not finding the obligation to provide tuition for a four-year college education for each of the children to be terminated. We do not consider it unreasonable to enforce the tuition provision for the son, even though he delayed entering college. However, we find it unreasonable and not within the intent and reasonable contemplation of the parties at the time of the agreement and divorce, that the father would continue paying support beyond the usual and customary period for attaining a four-year higher education. Such usual and customary period begins in the fall after high school graduation. Therefore we consider that the obligation of the father to pay child support should end with the completion by the daughter of a four-year college attendance. To take any other view, would require the father to continue paying monthly child support for some seven years after the son finished high school, reached majority and became capable of self support. It cannot reasonably be contended that such was within the contemplation of the parties.
*1291 It is our opinion that from the date of the decree, and until the daughter completes four years in college, the requirement of payment of $250 per month support may properly be continued, but not beyond. However, if the daughter continues to live with the father and is supported at his expense, such expense may be claimed as credit against the decreed obligation in any action for judgment thereon. Whether such claim is allowed in full or in part is within the judicial discretion of the court after considering the evidence. The court did not err in denying present termination. Finding no error therein, the judgment is affirmed.
Appellee’s request for attorney’s fee on appeal is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.