This case involves the modification of child support and periodic alimony.
The May 16, 1979 divorce judgment ratified and affirmed an agreement of the parties and, pursuant thereto, the judgment expressly granted custody of the two minor daughters of the parties, Ruth and Laura, to Mrs. Wood, the mother, and Dr. Wood, *Page 801 
the father, was ordered to pay to the mother "$650.00 per month as alimony and child support."
The father sought to modify the 1979 judgment by eliminating all child support provisions therefrom since Ruth and Laura had attained the age of nineteen years. The mother filed her motion to place the father in contempt of court for an arrearage and she sought an increase in alimony. The father contended that he was entitled to certain credits against such indebtedness and those matters were tried by the implied consent of the parties. After an evidentiary hearing before the circuit court, that court ascertained that the father was delinquent in alimony and child support payments in the amount of $2,900 and further ordered that "the alimony payments previously ordered by the court are reduced to $400.00 per month. . . ." The father appeals.
The ore tenus rule applies. It was within the judicial discretion of the trial court to ascertain the amount of the present alimony award and, upon an appeal, we are not authorized to disturb that decision unless it was palpably wrong. Prouty v. Prouty, 388 So.2d 1012 (Ala.Civ.App. 1980). We have studied the fine briefs of counsel and the entire record and find no abuse of discretion in establishing the periodic alimony to be paid at the present time at $400 per month and we affirm as to such issue since the trial court was not palpably wrong. However, no real apportionment was made of the 1979 lump sum award of $650 as between alimony for the former wife, support for Ruth and support for Laura.
Without dispute, the father paid to the mother $2,900 less than he would have paid if the full $650 had been transmitted by him to the mother each month from the time of its inception until the date of the trial.
Against that arrearage, no credits were allowed to the father. He contends that the amount of his delinquency should be reduced because the following credits should have been permitted and granted.
(A) Ruth became nineteen years of age in October, 1981, but the father continued to pay the full $650 per month to the mother until August, 1982. He contends that Ruth's support portion of the $650 monthly payments from October, 1981, to August, 1982, should be set off against the arrearage under the judgment. However, a court may not credit a father for any support furnished to a child after the child reaches her majority, for he does not normally have any legal obligation to do so and cannot claim credits against the ordered amount for any maintenance payments which he makes after the majority of the child. Ruth's attaining her majority did not modify the obligation of support judgment but only provided cause for seeking modification thereof. Weaver v. Weaver, 401 So.2d 77
(Ala.Civ.App.), cert. denied, 401 So.2d 78 (Ala. 1981). The father was not entitled to a credit for this item.
(B) The mother testified that she and Laura has a disagreement and that the father moved Laura into his home. She resided with her father from September, 1980, to March 1, 1981. According to the father's evidence he "supported her," but there was no evidence of the amount nor of the nature of such support. Laura worked part time. He seeks a credit for amounts expended by him for Laura's support while in his custody.
In the Weaver case, the father was ordered to pay $500 as monthly support for four children. In October, 1978, the oldest child commenced residing with the father, who unilaterally reduced his child support payments by $100 per month on that account. That child reached the age of nineteen years in February, 1980. The trial court granted a credit for expenditures by the father for support furnished to the oldest child while in the father's custody. We reversed, stating:
 "Claims of arrearage of ordered child support may be allowed off-set by credit for amounts expended by the obligated parent when such parent actually furnishes support for a child while in his *Page 802 
custody or the custody of another. Keller v. Keller, 370 So.2d 306 (Ala.Civ.App.), cert. denied, 370 So.2d 308 (Ala. 1979); Nabors v. Nabors, 354 So.2d 277
(Ala.Civ.App. 1978).
 "It would not have been error if the trial court had credited the $100 per month withheld by the father from the ordered amount of child support from October 1978 until February 1, 1980, if there was evidence that he had actually supported the child in that amount or more. However, there is no testimony that the father supported her in any amount during such time. The fact that she resided with him is insufficient. She may have been self-supporting."
Weaver v. Weaver, supra, at 78. Thus, we cannot here allow a credit against the arrearage because of a lack of proof of such support expenditures made by the father while Laura resided with him. Anonymous v. Anonymous, 428 So.2d 109 (Ala.Civ.App. 1983).
(C) During the college school year, from September, 1980, to June, 1981, Ruth attended Tulane University under a tuition scholarship. Each month the father paid directly to the university her room, board, books and supplies expenses. Such payments totaled $2,950, which the father claims as a credit.
The evidence is undisputed that the father contributed to the actual support of Ruth through such payments to Tulane University. He was entitled to a credit therefor to the extent of the monthly support that should have been allocated to Ruth from the $650 monthly lump sum payments. Keller v. Keller,supra. The trial court shall apportion the $650 per month payments so as to separate alimony for the former wife, support for Ruth and support for Laura and shall thereby ascertain and allocate the reasonable amount that was included in the monthly lump sum for Ruth's support. Then the trial court shall credit nine months of such apportioned amount as against the $2,900 arrearage judgment. Nabors v. Nabors, 354 So.2d 277
(Ala.Civ.App. 1978). As to this one issue, the judgment of the learned trial court is reversed and the matter is remanded for the entry of a judgment compliant herewith.
As to the remaining issue of attorney's fees, the father cited no authority. Only a short one sentence argument was presented thereto. We do not consider that issue. Welch v.Turner, 411 So.2d 143 (Ala.Civ.App. 1983); William WilsonEnterprises, Inc. v. Napier, 395 So.2d 89 (Ala.Civ.App. 1981);Blair v. York Engineering Co., 380 So.2d 878 (Ala.Civ.App. 1980).
The wife's request for an attorney's fee upon appeal is denied. § 30-2-54, Code of Ala. (1975); Weaver v. Weaver,supra; Smith v. Smith, 365 So.2d 88 (Ala.Civ.App. 1978).
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the Judges concur.