This postdivorce litigation concerns unpaid child support and an increase in the amount of future support through modification of the divorce judgment.
The parties were first divorced from each other in June 1967 but remarried in late 1967. Their second divorce was rendered on April 23, 1969 after the defendant-husband had filed an answer and waiver to the complaint. That judgment granted the custody of Joel and Billy, "the minor children of the parties," to the plaintiff-mother and ordered the defendant to pay monthly support for the children of $50. On January 21, 1983 the plaintiff filed her petition, which sought to adjudge the defendant to be in contempt of court for his delinquency in the payment of support for the children. The plaintiff also asked for an increase in the amount of support to be paid by the defendant. After an ore tenus trial, a judgment was entered against the defendant in the amount of $7,975 for past-due child support and the divorce judgment was modified so that the defendant was ordered to subsequently pay $34 each week for Billy's support. The defendant appealed and raised four issues.
 I.
The defendant complains that the trial court erred in not allowing witnesses to testify that the plaintiff had stated that Billy was not the child of the defendant.
Billy was born on June 18, 1968. The plaintiff swore that Billy is the defendant's son and that the defendant knows it. In one instance the defendant was permitted to testify that, about one year after the April 1969 divorce of the parties, the plaintiff told the defendant that Billy was not his child. However, the plaintiff's objections were sustained to other questions which were directed to the defendant and to some of his witnesses concerning the plaintiff's statements regarding Billy's paternity.
The 1969 divorce decree designated Joel and Billy as being "the minor children of the parties." That constituted a finding that the defendant was the father of those two boys and, in subsequent proceedings between them, the parties are normally concluded by that paternity determination of their divorce judgment. Stewart v. Stewart, 392 So.2d 1194 (Ala.Civ.App. 1980), cert. denied, 392 So.2d 1196 (Ala. 1981). In Stewart, however, it was pointed out that res judicata may not be utilized to sustain certain types of fraud. The counterclaim of the defendant was, in substance, an independent action under rule 60 (b) of the Alabama Rules of Civil Procedure. That pleading complained that fraud was committed by the plaintiff upon the *Page 322 
defendant and upon the trial court regarding Billy's paternity.
Under rule 60 (b) any independent action for a fraud allegedly perpetrated against the defendant was required to be commenced within three years of the divorce or within one year from the discovery of the fraud under section 6-2-3, Code 1975. Here, the defendant's own testimony showed that he knew of such alleged fraud approximately one year after the April 1969 divorce. The counterclaim was filed in August 1983, which was at least eleven years too late in making a claim of fraud committed against the defendant.
"The alleged fraud was not a `fraud upon the court.' It did not vitiate the finding of paternity in the divorce judgment, which still constitutes res judicata as between the parties as against such allegations." Stewart v. Stewart, supra.
Therefore, no fraud was committed upon the trial court by the plaintiff concerning Billy's paternity.
We find no error as to this issue.
 II.
The defendant complains that the evidence was insufficient to prove that a material change in the circumstances had occurred which warranted a modification as to child support.
The 1969 divorce decree established support for the two boys at $50 per month and the 1983 judgment modified it to $34 each week for Billy's sustenance. Joel reached his nineteenth birthday on June 13, 1983, prior to the modification judgment.
The plaintiff is employed but takes home only $100 per week in net wages. She testified that she needs assistance from the defendant in supporting Billy since her income is inadequate to do so. The defendant admitted that his hourly wages in 1969 were $3 and had increased to $10 in 1983. His present average net weekly wage is $320 when a $60 weekly deduction for his credit union is not considered. He pays $50 weekly for child support for a child born to his second wife and has one child by his third, and present, wife.
 "This court has committed itself to the principles that the increase in age of minor children and the correlative increase in need for support, when coupled with the increase in the cost of living due to inflation, is sufficient to constitute a material change of circumstances and support a modification." (Citations omitted.)
Young v. Young, 376 So.2d 737 (Ala.Civ.App. 1979). Where an ore tenus hearing is held before the trial court, we presume that the factual finding of the trial court is correct and we cannot alter it if it was supported by legal evidence unless it was palpably wrong. Young v. Young, supra. The evidence was adequate and the trial court's modification of the divorce judgment's provisions for child support was not palpably wrong.
 III.
The next issue raised by the defendant concerns the failure of the trial court to allow certain credits to the defendant for various matters as against his arrearage of child support.
The defendant testified that Joel lived with him on two different occasions, once for five months and once for seven months. Joel also resided with his paternal grandparents for one and one-half years commencing when he was seventeen years old, but, during that entire period, the plaintiff furnished clothing, money, and other items to Joel, and he would return to the plaintiff's home and stay with her "off and on." There was no proof of the amount of expenditures made by either of the parties or by the paternal grandparents while Joel resided with them. Hence, a credit cannot be allowed for those items because of a lack of required proof in that regard. Wood v.Wood, 434 So.2d 800 (Ala.Civ.App. 1983); Weaver v. Weaver,401 So.2d 77 (Ala.Civ.App.), cert. denied, 401 So.2d 78 (Ala. 1981). *Page 323 
In February 1983 Joel began to stay with a paternal aunt and her husband in Texas. Joel reached nineteen years of age on June 13, 1983. There was evidence of expenditures by the aunt for Joel. A total of $8,600 was due to be paid as support for both boys by the defendant from the 1969 divorce decree to the date of the 1983 trial and the plaintiff testified that the defendant paid her nothing thereon during that one hundred seventy-two month period. The trial court ascertained the defendant's arrearage to be $7,975. Therefore, we cannot say that credit was not given for the four months during his minority in which Joel was supported by the aunt.
The defendant also seeks credit for his purchase of clothing, a $200 suit, and sports equipment for Joel. The father spent $425 for a clutch and transmission which Joel ruined in the defendant's vehicles. He also contends that he gave an unspecified amount of spending and gas money to Joel and that he permitted that son to use his car on occasions for dates. Many of those matters constituted gifts rather than the payment for necessities, and we find no abuse of discretion even if we assume that the trial court failed to allow a credit for those expenditures. Anonymous v. Anonymous, 428 So.2d 109
(Ala.Civ.App. 1983); McDaniel v. Winter, 412 So.2d 282
(Ala.Civ.App. 1982).
As to all of the claimed credits, the ore tenus rule applies and, additionally, the trial court had a discretion to exercise in determining whether to give credit for each item as claimed by the defendant. McDaniel v. Winter, supra. We find no abuse of that discretion. Evidence was before the trial court which upheld the final judgment and the decision of the circuit court was not clearly erroneous.
 IV.
During the lunch break pending the trial, it was discovered on behalf of the defendant from the recorded marriage records of the probate judge that a marriage license for the second marriage of the parties was issued by the probate judge on December 21, 1967 but that the certificate of marriage thereon by the person who performed the ceremony had not been filled in or signed and was blank. The defendant contends that the lack of that certificate rendered the marriage void, that the 1969 divorce decree was a nullity, and that the defendant cannot be required to pay any of the money he was ordered to pay by that judgment.
Section 30-1-13, Code 1975, requires all persons who solemnize a marriage by virtue of a marriage license to certify that fact in writing to the probate judge within one month after the ceremony and the next succeeding code section renders persons uniting a couple in matrimony guilty of a misdemeanor for failure to return the certificate thereof to the judge of probate as required by law. Those code sections neither declare nor do they render a marriage void when the certificate is not filed in compliance therewith. Neither will we make such a declaration, for, had the legislature intended such a severe and harsh result, it would have expressly pronounced the invalidity of such marriages.
The judgment of April 23, 1969 expressly ordered "that the bonds of matrimony heretofore existing between the Complainant and Defendant be, and the same are hereby dissolved." The parties were divorced, they were prohibited from again marrying except to each other for the statutorily required period of time, and they were permitted to "again contract marriage" upon the payment of the court costs. There is no question from the actual language of the divorce judgment but that the trial court found that the parties were married and divorced them.
There is no contention of fraud being committed by anyone against anyone or against the trial court in 1969. Therefore, the parties are prevented from a collateral attack upon the 1969 divorce judgment on the ground here presented. Stewart v.Stewart, supra.
Further, both parties signed the application for the marriage license and there was *Page 324 
evidence before the trial court that the parties were married to each other from the time of the marriage license until their 1969 divorce. There is a total absence of any evidence that a marriage ceremony was never validly performed pursuant to the marriage license.
We find no error by the trial court upon this or upon any other raised issue. Accordingly, we affirm the judgment of the trial court.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.