EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a child support case arising under the Uniform Reciprocal Enforcement of Support Act (URESA), §§ 30-4-80 to -98, Code of Alabama 1975.
In a pre-judgment trial brief filed by the father with the trial court, the only issue before that court was stated to be whether the father was entitled to a credit against alleged support arrearages. Thus, the father’s only contention or defense in the trial court was limited by him to that one issue as stated in his brief. That trial court position of the father is at variance with argument here made as to additional issues now attempted to be raised by him. “A party cannot try his case on one theory and then appeal on a separate theory. Bailey v. City of Mobile, 292 Ala. 436, 296 So.2d 149 (1974).” Vaughn v. Thomas, 372 So.2d 1309 (Ala.1979). Accordingly, only one issue is before us, being the same issue which was the position that the father took in the trial court.
In order that the issue may be made factually clear, we quote the following from the trial court’s amended final judgment:
“1. The parties were divorced in the State of Georgia in January of 1981. The Divorce Decree provided that the Defendant was to pay to the Complainant in this cause the sum of $100.00 per month per child as child support until each child reaches the age of 18 years, marries or becomes self-supporting (The parties had three children);
“2. With the consent of the mother, the oldest minor child, Brigette Celeste Robillard, resided with the Defendant from June, 1982, through August, 1983, a period of some 15 consecutive months. The Georgia Divorce Decree was not modified to provide for a change of custody to Defendant nor to provide for a change in the child support payments;
“3. During the period the minor child, Brigette, was with the Defendant, he continued to pay the sum of $300.00 *527 monthly to the Complainant as child support;
“4. The minor child, Brigette, returned to her mother after August, 1983, pregnant, and received an abortion in Columbia, Georgia, shortly thereafter;
“5. After the minor child, Brigette, returned to her mother, the Defendant reduced his child support payments to $200.00 monthly based upon his contention that he was entitled to an offset of $100.00 monthly for the 15 months he had custody of the child; and
“6. The Defendant is currently paying child support in the amount of $200.00 monthly to the Complainant by military allotment.”
The trial court granted a judgment for the mother for $1,100 for child support arrearage as to Brigette at the monthly rate of $100 for the eleven months intervening between the time the father reduced the payments by $100 per month and that child’s eighteenth birthday.
The issue before us is whether the trial court abused its discretion in not allowing the father a credit for $1,100 for the time that Brigette resided with him.
The ore tenus rule does not apply in this case, since no oral testimony was presented before the trial court.
The burden is upon one who seeks a credit against child support to reasonably satisfy the trial court that the credit should be allowed and the amount of any credit. A decision of the trial court as to whether a father should be allowed a credit against child support arrearages for times that he actually supports the child lies within the judicial discretion of the trial court. McDaniel v. Winter, 412 So.2d 282 (Ala.Civ.App.1982). In that case, the trial court denied a credit to a father for $100 each month for nine months that a child stayed with him. It was found that the father’s reduction in child support of $100 per month was unilateral, against the express wishes of the mother and contrary to the divorce decree. We affirmed that holding. Since similar findings or inferences of such findings appear in this case, we likewise find no abuse of discretion here in the denial of the credit to this father.
Additionally, the father presented no proof of the amount of expenditures made by him for any support which he might have provided to Brigette during the time that she resided with him. The only proof was that she resided with him. Here, a credit cannot be allowed because of a lack of the required proof in that regard as to actual support of Brigette while she resided with him. Stringer v. Sheffield, 451 So.2d 320 (Ala.Civ.App.1984); Wood v. Wood, 434 So.2d 800 (Ala.Civ.App.1983); Anonymous v. Anonymous, 428 So.2d 109 (Ala.Civ.App.1983); Weaver v. Weaver, 401 So.2d 77 (Ala.Civ.App.), cert. denied, 401 So.2d 78 (Ala.1981). The Weaver case, supra, requires that there be evidence that the father actually supported the child in a certain amount before being entitled to a credit for seventeen months that the child resided with him, and it was further stated therein, “However, there is no testimony that the father supported her in any amount during such time. The fact that she resided with him is insufficient.” Weaver at 78. This case is in the same posture.
The contentions of able counsel for the father are answered by the foregoing authorities in such a manner that the final judgment of the learned trial court must be affirmed.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and' this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.