INGRAM, Presiding Judge.
The parties were divorced in 1973. o Custody of the minor son was granted to the mother, and the father was ordered to pay child support. In 1986, the father was found by the trial court to be $12,520.00 in arrears in his child support payments. As a result, the trial court ordered the father to pay $20.00 per week on the arrearage and $30.00 per week as current child sup *1182 port. In 1989, the father petitioned the trial court for a modification of custody and support, requesting that he be granted custody of the minor child and that he be relieved from paying any further child support to the mother. Also, the father requested that the child support paid to the mother during the periods in which the minor son was living with the father be credited against the 1986 arrearage judgment. The trial court granted the father’s request for custody and for relief from further child support payments to the mother. However, the trial court refused to modify the prior arrearage judgment, and the father brings this appeal.
The only issue presented for our review in this appeal is whether the trial court erred in not allowing the father credit against a prior arrearage judgment for sums paid by the father to support and maintain the child for periods of time when the child did not reside with the mother.
On appeal, the father cites to us our prior decision in Keller v. Keller, 370 So.2d 306 (Ala.Civ.App.1979), cert. denied, Ex parte Stephens, 370 So.2d 308 (Ala.1979). Initially, however, we note that there are substantial differences between Keller and the instant case. In Keller, we affirmed the trial court’s decision which allowed claims of arrearage by the wife to be offset by credit for amounts expended by the father in supporting the child while the child was in his custody or the custody of a third party. In contrast, the father in the case at bar petitioned the trial court to reopen a 1986 arrearage judgment and grant him credit for sums he allegedly expended between 1986 and 1989 in support of the child while the child lived with him or with the child’s great-aunt. In essence, the father is seeking a refund from the wife of child support previously paid to her. However, we find that the trial court, under these circumstances, lacked the authority to reduce the balance on the previous arrearage judgment. See Whitt v. Whitt, 276 Ala. 685, 166 So.2d 413 (1964); Mann v. Mann, 550 So.2d 1028 (Ala.Civ.App.1989). Such payments which mature or become due before the filing of a petition for modification are immune from change. Morgan v. Morgan, 275 Ala. 461, 156 So.2d 147 (1963).
Furthermore, even if we were inclined to apply the Keller holding in this case, the award or denial of a credit against child support is a matter which lies within the trial court’s discretion, and the decision of the trial court will not be reversed in the absence of abuse thereof. Smith v. Smith, 443 So.2d 43 (Ala.Civ.App.1983). Without embarking upon a lengthy discussion of the facts in this case, we do note that there is evidence in the record that suggests that the father here did provide support to the child during periods in which the child was residing with the father or with an aunt. However, many of the contributions claimed by the father give the appearance of being in the nature of either gifts or payments for services rendered to the father in connection with his sprinkler installation business, rather than payment for necessities.
If there was any relief due the father in this case, it would have been through modification proceedings instituted at the time when the child initially departed from the mother’s household rather than through what amounts to an after-the-fact request for a refund of child support. Apparently, modification of the child support judgment was never sought by the father prior to the instant case. We find, therefore, that the trial court acted according to law in not allowing the father, under these facts, a credit against the prior arrearage judgment. This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.