The parties were divorced in 1979, and custody of their three children was awarded to the mother. The father was ordered to pay child support in the amount of $100.00 per month per child. After an ore tenus proceeding concerning the father's failure to pay court-ordered child support, the trial court found that the father was in contempt of court. The trial court found that the father's support arrearage, as determined in 1985, was $9,800 and that an additional obligation of $2,200 had accrued between July 1985 and March 1986. Although the father argued that he should be allowed a credit for Social Security benefits paid to his children due to his disability, the trial court found that, based on applicable law, no such credits were permitted. The father appeals.
The record, in pertinent part, reveals the following: In 1984, the mother assigned her right to receive support to the state of Alabama. The state then filed its first contempt petition, contending that the father was in arrears as of October 15, 1984, in the amount of $18,000. The trial court found that the father was delinquent in his child support payments and entered a judgment against him in the amount of $10,000 as of October 15, 1984. This amount was based on an agreement between the parties.
In June 1985, the state filed a second contempt petition, whereupon the trial court found that the father had not paid all of his child support arrearage, and that as of June 24, 1985, he owed a total of $10,900. The court ordered him to pay $1,100 immediately in order to purge himself of contempt, leaving an arrearage of $9,800. He was ordered by the court to continue paying his $300 per month child support plus an additional $200 per month toward his arrearage.
The record further reveals that the father has not paid the $9,800 arrearage determined to be due in June 1985. Furthermore, for the eight-month period between June 1985 and March 1986, he only made one $200 payment, and, after March 1986, the father had not made any support payments.
The record also reveals that the father was injured in a work-related accident. In 1989, the Social Security Administration declared him totally disabled as of March 1986, and paid him approximately $24,000 in back benefits. Likewise, the Social Security Administration compensated the children back to March 1986. Also, monthly benefits are presently being paid to the remaining minor child. The record also reveals that the father received a check for his share of a lawsuit settlement in a net amount of approximately $95,000.
On appeal the father presents two issues for our review; however, only one is supported by any authority. See Rule 28, Alabama Rules of Appellate Procedure. *Page 855 
Therefore, the only issue properly raised on appeal is whether the trial court erred by not giving the father credit for (1) the Social Security benefits paid to his children due to his disability, and (2) those periods of time when the children lived with him.
The father contends that the children received more money through Social Security benefits than they would have received had he paid his court-ordered support. Therefore, he argues that the excess should be applied towards the arrearage that the court determined was due. We disagree.
In Binns v. Maddox, 57 Ala. App. 230, 327 So.2d 726
(Ala.Civ.App. 1976), this court stated that an order of support is for the benefit of the children. If the amount due is paid by the government through Social Security benefits on account of the father, then the purpose of the support order is accomplished. Bowden v. Bowden, 426 So.2d 448
(Ala.Civ.App. 1983). Therefore, in Bowden we found that the father could be credited with such payments against his liability under the decree. However, we further found that any excess of the Social Security benefits received over the amount set out in the child support order was not due to be credited.Bowden, supra.
Here, the trial court did not find that the father owed any child support subsequent to March 1986, the date the children began receiving Social Security benefits. Rather, all arrearage was based upon support due prior to such date. Therefore, we find that, in accordance with Bowden, supra, the father was not entitled to any credit for past due child support based on the money received by his children that was over and above the obligation of the father. The amount received by the children from Social Security was because of the determination of Social Security benefits due them, and any excess was an extra benefit to them. See Bowden,supra. It did not decrease the father's arrearage obligation which arose prior to March 1986.
Clearly, the Social Security disability payments belong to the children. To allow any part of that money to be credited towards the father's arrearage which was due prior to his date of disability would be, in essence, requiring the children to purge the father of contempt. Therefore, we find that the trial court was correct in not allowing a credit.
The father also contends that the trial court erred by not allowing him a credit for the time that one of the children lived with him. He contends that he and the mother orally agreed to modify the court order and to reduce his child support obligation when the child lived with him.
It is well settled that the award or denial of a credit against an arrearage is within the sound discretion of the trial court, and such decision will not be reversed absent a showing of plain and palpable abuse. Kinsey v. Kinsey,425 So.2d 483 (Ala.Civ.App. 1983). Further, a party may not reduce child support payments where the decree does not so provide. Queen v. Queen, 437 So.2d 1316
(Ala.Civ.App. 1983). However, a credit against claimed arrearages may be allowed if such parent actually furnishes support for the child while in his custody. Queen, supra.
The burden is upon the one who seeks a credit to prove the amount of expenditures he provided during the time the child resided with him. Robillard v. State ex rel.Robillard, 473 So.2d 526 (Ala.Civ.App. 1985). The fact that the child resided with him is insufficient. Robillard,supra.
Here, the father did not present any proof of the amount of expenditures made by him for any support which he provided to his child during the time he resided with him. Therefore, we find no error by the trial court in not awarding a credit.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur. *Page 856