YATES, Judge.
These five appeals are from eases that originated in the juvenile division of the Circuit Court of Mobile County. The record is incomplete. For purposes of appeal, the following facts are relevant: The State filed five contempt petitions against four fathers for their failure to pay previously ordered child support. Two petitions were against the same father on behalf of two different mothers. In each case, the father was found to be in contempt and was ordered to pay both current support and an arrearage.
All five eases were heard in the juvenile division by a retired circuit judge in October 1992. In each case, the judge granted the father credit against his arrearage for time served in jail. On October 27, 1992, the State filed “Motion[s] to Alter, Amend or Vacate” in the juvenile division, where the original orders had been entered. The motions were denied, four on November 4,1992, and one on December 16, 1992.
The State then filed notices of appeal for de novo consideration by the circuit court. Those appeals were dismissed by orders, four on January 4, 1993, and one on January 6,1993, on the basis that in October 1992, the retired circuit judge hearing the petitions had been acting as a circuit judge, rather than as a referee. The orders appear to say that the retired judge was not sitting as a juvenile judge in the initial consideration. The State’s motions to reconsider the dismissals were denied in all five eases on February 11, 1993.
The State, on appeal, asserts that the juvenile division erred in allowing credit for time in jail as an offset against the arrearage and that it had a right to appeal for a de novo consideration by the circuit court. The State further claims that if it had no right to a de novo hearing in the circuit court, then the circuit court should have transferred the appeals to this court insteád of dismissing them.
An appeal from a juvenile court order is to this court if: (1) there is a proper record certified as adequate by the juvenile court judge, Rule 28(A)(1)(a) and (A)(2), Ala.R.Juv. P.; or, (2) there is a stipulation that only questions of law are involved and the questions are certified, Rule 28(A)(1)(b) and (A)(2), Ala.R.Juv.P. If the record cannot be certified as adequate, or if there is no stipulation that only questions of law are involved, then the appeal is to the circuit court. Rule 28(B), Ala.R.Juv.P.
The records before this court do not contain certifications from the juvenile court and do not contain transcripts from the juvenile court proceedings. Therefore, we conclude that the State was entitled to a trial de novo in the circuit court, and we remand the cases to the circuit court.
This court deems it proper to comment, for consideration on remand, that it is an abuse of discretion to grant credit against a child support arrearage for time served on a contempt citation for violating a child support order. It is well settled that child support payments become final judgments on the date they are due and that, once they have matured, they are immune from change. Mann v. Mann, 650 So.2d 1028 (Ala.Civ.App.1989). A trial court is without authority to release a father from child support payments. Mann, supra. However, claims for arrearage of court-ordered child support may be offset by allowing credit for amounts expended by the obligated parent in instances where the parent actually furnishes support for the child while in his or her custody or in the custody of another. Weaver v. Weaver, 401 So.2d 77 (Ala.Civ.App.1981). The records contain no evidence from which we might determine whether the offsets might have been appropriate on some basis other than as an offset for the time served.
Accordingly, the circuit court’s judgments of dismissal are reversed, and the cases are remanded for a trial de novo in the circuit court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN, J., concurs.
ROBERTSON, P.J., dissents.