The parties to this appeal were divorced in March 1978. An agreement between the parties was incorporated into the divorce decree. The wife brought an action in the Circuit Court of Calhoun County seeking an interpretation of a portion of that agreement. The trial court construed the agreement in a manner apparently favorable to the husband. The wife appeals and we affirm.
The portion of the agreement in question is as follows:
 9. ANNISTON, ALABAMA REAL ESTATE:
 A. Husband and wife agree to put up for sale the real estate now jointly owned by them located at Fairway Heights, Anniston, Calhoun County, Alabama.
 B. Said real estate shall be put up for sale immediately upon the completion of the house located on said real estate.
 C. Said property shall be listed with no less than two reputable real estate agents in the Anniston area.
 D. Both parties agree that they shall deem acceptable any bona fide offer of purchase of said real estate which shall be in the amount of $150,000.00 or more. Husband and wife, however, shall not be prevented from accepting a lower bona fide offer of purchase if both parties agree for such price.
 E. Upon the sale of said real estate, wife shall receive as her share of said sale, either 60% of the net proceeds of said sale or the amount of $25,000.00, whichever is greater. *Page 941 
 F. The parties hereto expressly recognize that it will or may take a lengthy period of time to find a bona fide purchaser of the Anniston real estate, and that during such period of time there will be accruing interest on monies which they have borrowed from the Commercial National Bank of Anniston to use in the construction of the home located on the property. It is, therefore, hereby agreed and understood that the husband shall pay the interest as it accrues and becomes payable prior to the sale of the house, and the wife agrees to reimburse the husband for 50% of all interest so paid, this reimbursement to be taken from the wife's net proceeds received under the terms of paragraph E above. It is the intention of this clause that the parties shall share equally in all respects in the interest which shall accrue on the money owed to the Commercial National Bank for the construction of the house.
The house was sold in November 1979. Repayment of various construction loans and the interest thereon absorbed the entire proceeds of the sale.
The trial court found that under the portion of the agreement set forth above the husband was obligated to pay the wife "either 60% of the net proceeds or $25,000, whichever was greater" only if the sale of the house produced a sum in excess of the indebtedness owed on the house. As indicated above, indebtedness absorbed the entire proceeds. The trial court found that the husband was not obligated to make any payment to the wife under this portion of the agreement.
The wife, through able counsel, contends that the husband is obligated to pay $25,000 regardless of whether the sale of the house produced a sum in excess of the indebtedness on the house.
The trial court by adopting a separation agreement merges the agreement into its final decree. Wise v. Watson, 286 Ala. 22,236 So.2d 681 (1970). Divorce decrees are to be construed like other written instruments and if there is any uncertainty and ambiguity the court must construe it so as to express the intent of the parties. Reeder v. Reeder, Ala.Civ.App.,356 So.2d 202 (1978). Such intent can be derived from the provisions of the judgment. Price v. Price, Ala.Civ.App.,360 So.2d 340 (1978).
The agreement provides that "the wife shall receive as hershare of said sale" the greater of 60% of the net proceeds or $25,000. (Emphasis supplied.) This language indicates, or at least is subject to the trial court's interpretation, that the husband was not obligated to make payment from any source other than the proceeds of the sale. As indicated above, indebtedness absorbed the entire proceeds leaving no fund from which the husband could pay the wife. With this in mind we cannot say that the trial court erred in finding the husband not obligated to make payment to the wife under this portion of the agreement.
This case is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.