HOLMES, Judge.
This is a child support arrearage and child support modification case.
The mother and father were divorced in November 1973. A separation agreement, incorporated in the divorce decree, provides in pertinent part:
“FIFTH: The Defendant agrees to pay to the Plaintiff in the event a decree of divorce is entered in this cause the sum of One Hundred Seventy-Five and no/100 ($175.00) Dollars per month as child support for the parties’ minor child. Said payments to be due and payable on the 5th day of each month, with the first such payment to become due and payable on the 5th day of December 1973, and said child support payments to continue until the child reaches the age of 21 years or becomes emancipated, whichever occurs first.
[[Image here]]
“NINTH: The Defendant agrees, in the event a decree of divorce is entered terminating the marriage of the parties, to pay the expenses of four (4) years of undergraduate college education for the parties’ minor child, John Raymond Johnson, Jr.”
In August 1987 when the parties’ minor child entered Auburn University, the father began paying the son’s college expenses, but stopped paying the monthly support obligation. In December 1987 the wife filed this action, seeking an arrearage and clarification of paragraph nine of the separation agreement as set out above.
After an ore terms hearing the trial court apparently allowed the father a partial credit against the monthly support obligations. Further, the trial court modified the amount of the monthly child support, payable to the wife during the period the child was in college to $25 per month.
The mother appeals, and we affirm.
The dispositive issues on appeal are (1) whether the trial court erred in allowing the father a credit and (2) whether the trial court erred in modifying the child support obligation while the child attends college. We address each issue separately.
I
In her brief the mother through able counsel contends that the trial judge’s order retrospectively reduced the child support obligation. This contention is misplaced. As we review the order, it is clear that a partial credit is being allowed against the amount of the arrearage; there was no retroactive reduction.
It is well settled that the award or denial of a credit against an arrearage is within the sound discretion of the trial court, and such decision will not be reversed absent a showing of plain and palpable abuse. Kinsey v. Kinsey, 425 So.2d 483 (Ala.Civ.App.1983). The evidence establishes that the father provided approximately $1,000 per month for the support of the parties’ minor child while the child was away from home and attending Auburn University. In view of this, we find no abuse of discretion in allowing a partial *1262 credit to offset the amount of child support arrearage.
II
As concerns the modification, it is equally well settled that a trial court has the judicial discretion to modify a child support obligation if a change in the circumstances of the parties occurs, and the trial court’s decision thereon will not be reversed except for an abuse of that discretion. Roe v. Roe, 487 So.2d 1372 (Ala.Civ. App.1986); Kinsey, 425 So.2d 483. Viewing the record with the attendant presumptions accorded a trial court’s final judgment, we find that the evidence supports a showing of a change in circumstances.
It is undisputed that the father has contributed a sizable amount of money to the support of his child while the child is attending Auburn. While there is evidence that the mother likewise has paid some of the expenses generated by their child’s college attendance, the trial judge found that the totality of the circumstances surrounding the changed needs and welfare and best interests of the child necessitated the modification. West v. Scott, 414 So.2d 981 (Ala.Civ.App.1982).
Stated differently, the father paid considerable sums of money on the child’s behalf while the child was attending college. Furthermore, he is now, after modification, required to pay considerable sums of money while the child is enrolled in college. Additionally, we would note that, when the child is not attending college, the support obligation remains at the original $175 per month sum.
Therefore, as indicated above, this court cannot say that the trial court erred in partially modifying in the future the $175 monthly child support.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.