The facts material to this appeal and dispositive of the issue presented are undisputed. The parties were divorced in October 1984. The parties' final decree of divorce incorporated their agreement concerning the terms of the divorce. For purposes of this appeal, the pertinent parts of the agreement are as follows:
"2. CHILD SUPPORT:
 "The Plaintiff hereby agrees to pay to the Defendant, the sum of $200.00 per month per child for the support and maintenance of the minor children of the parties hereto. . . . In addition thereto, said child support shall be set up in an irrevocable allotment through the United States Air Force. . . .
". . . .
"9. PLAINTIFF'S MILITARY RETIREMENT BENEFITS:
 "At the present time, the Plaintiff has in effect, a military retirement plan with the U.S. Air Force. The Plaintiff does hereby agree that the Defendant shall be made irrevocable beneficiary over said retirement plan until both minor children herein are emancipated. The Plaintiff *Page 648 
does hereby agree that the Defendant shall receive Fifty Percent (50%) of the Plaintiff's retirement at the time of the Plaintiff's retirement. The Defendant shall start receiving said benefits at the time the Plaintiff starts receiving said benefits.
"10. ALIMONY:
 "It is hereby agreed by the parties hereto, that neither party shall receive payments of alimony, whether temporary or permanent at the present time. However, both parties hereto hereby agree that the question of alimony shall be preserved for a future date, should either party be entitled to alimony at that date."
In April 1989 the husband filed a "Petition to Modify Final Judgment of Divorce or, in the Alternative, for Clarification." The petition alleged that a material and substantial change in circumstances had occurred in that the wife was remarried and employed and no longer in need of any support which would be provided from the husband's military retirement benefits. He further averred that paragraph 9 of the decree was ambiguous and in need of further clarification by the court in order for the parties to properly ascertain their rights, duties, and obligations thereunder.
The trial court found the terms of the agreement to be clear and unambiguous. More specifically, he found the portion of paragraph 9 stating that the wife shall receive 50 percent of the husband's retirement to be a property settlement and, therefore, not a modifiable item. Over the husband's objection, the trial court refused to admit evidence, by way of parol testimony, of the intent of the parties regarding paragraph 9.
On appeal, the husband contends that the agreement presents an ambiguity because it is unclear whether paragraph 9 deals with child support or property settlement. On the other hand, the wife contends that the agreement, as it pertains to the facts of this case, is clear and unambiguous.
Whether an agreement is ambiguous is a question of law for the trial court. Terry Cove North v. Baldwin County SewerAuthority, Inc., 480 So.2d 1171 (Ala. 1985). When the agreement is reasonably susceptible to more than one meaning, an ambiguity exists. The instrument is unambiguous if only one reasonable meaning clearly emerges. Blue Cross Blue Shield ofAlabama v. Beck, 523 So.2d 121 (Ala.Civ.App. 1988). The words of an agreement are to be given their ordinary meaning, and the intention of the parties is to be derived from the provisions of the contract. Smith v. Citicorp Person-to-Person FinancialCenters, Inc., 477 So.2d 308 (Ala. 1985). When the provisions are certain and clear, it is the duty of the trial court to analyze and determine the meaning of the provisions. Pate v.Merchants National Bank of Mobile, 428 So.2d 37 (Ala. 1983). Where an ambiguity exists, the trial court may admit parol evidence to explain or clarify the ambiguity. Mass. AppraisalServices, Inc. v. Carmichael, 404 So.2d 666 (Ala. 1981).
Here, the trial court disallowed any parol evidence and found the agreement to be susceptible to only one reasonable interpretation. We also find the pertinent provision of the agreement to be certain, clear, and unambiguous, and susceptible to only one reasonable interpretation. We find the trial court's interpretation to be consistent with the clear and plain meaning of the terms of the agreement. Accordingly, this case is due to be affirmed.
AFFIRMED.
RUSSELL, J., concurs.
ROBERTSON, J., dissents.