The parties were divorced in 1979. A settlement agreement executed by the parties was merged into the final decree of divorce. The mother was awarded, among other things, custody of the parties' three children. The father was ordered by the decree to pay: "Six Hundred and no/100 ($600.00) Dollars per month as child support for said children until said [mother] shall remarry, at which time the amount of child support to be paid by said [father] shall be reduced to Four Hundred Fifty and no/100 ($450.00) Dollars per month."
In October 1981 a daughter married and left the mother's home. In September 1982 the father reduced the amount of his child support payment to $400 per month. In September 1989 the father reduced the amount of his child support payment to $200 per month because a child had entered college.
The mother filed a petition to hold the father in contempt for failure to pay the child support ordered under the divorce decree. After ore tenus proceedings the trial court determined that the intention of the parties was in "conflict" as to whether the child support obligation was $200 per child per month or simply $600 per month without a reduction as each child gained the age of majority or became self-supporting. The trial court found that "it was the intent of the parties that the total amount of child support was arrived at on an equal basis per child" and that it was proper for the father to reduce the child support obligation by one-third as each child became "emancipated." The court entered a judgment against the father in the amount of $480, representing an arrearage due as a result of a "premature" reduction in child support in 1989. No finding of contempt was made by the trial court. Neither party has sought to modify the child support obligation since the rendition of the original divorce decree.
On appeal the mother asserts, essentially, that the trial court erred by not properly assessing the father's child support arrearage because there was no authority for the *Page 1105 
father to "unilaterally" reduce his child support payments.
She contends that the trial court is without authority to relieve a former spouse from the payment of past-due child support. We agree with that general statement of the law. However, this case does not involve relief from past-due support or modification of the decree. It involves a petition for contempt and the duty of the trial court to interpret and construe the divorce decree's provision.
When a trial court adopts a separation agreement, it is merged into the final decree of divorce. Fox v. Dick,389 So.2d 940 (Ala.Civ.App. 1980). A decree of divorce is to be interpreted or construed like other written instruments. Fox.
Whether an agreement is ambiguous is a question of law to be determined by the trial court. See, Croft v. Croft,513 So.2d 630 (Ala.Civ.App. 1987). Once the trial court determines that the terms of an agreement merged into a divorce decree are doubtful or ambiguous, the court may allow parol evidence to determine the intention of the parties. Croft; Lammons v.Lammons, 481 So.2d 390 (Ala.Civ.App. 1985). The terms of a decree may be shown to be ambiguous or of doubtful character by a proffer of evidence that the parties have accorded different interpretations to or have acted inconsistently under it. Cainv. Cain, 452 So.2d 874 (Ala.Civ.App. 1984).
Our review of the record indicates that the mother and father interpreted the child support provision differently. The trial court determined there was a conflict in the intent of the parties as to whether the child support should be proportionally reduced by one-third as each of the parties' three children became emancipated. It was the duty of the court to resolve this conflict. Hawkins v. Hawkins, 470 So.2d 1283
(Ala.Civ.App. 1985).
The uncertainty or ambiguity of the meaning of the child support provision results from the conflicting interpretations and the actions of the parties since the divorce decree became final. The father first reduced the support payment in 1982. No attempt was made by the mother to enforce the agreement according to her "interpretation" of the child support provision until 1989. The father also introduced into evidence two cancelled checks, each in the amount of $200. A notation had been made upon each check, showing that it represented monthly child support.
The admissibility and introduction of the parol evidence offered by both parties as to the meaning of the provisions for child support were not questioned by the mother. Though presented as an issue on appeal, it was not argued in brief.Henderson v. Alabama A M Univ., 483 So.2d 392 (Ala. 1986); Rule 28(a)(5), Alabama Rules of Appellate Procedure. Matters not objected to in the trial court cannot be raised for the first time on appeal. Callahan v. Weiland, 291 Ala. 183,279 So.2d 451 (1973). After careful review of the record, we conclude that it would not be incorrect to state that the mother actually placed the interpretation of the provision into issue. After review of the record we find no error.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.