The parties were divorced in April 1991. The judgment of divorce, ratifying an agreement of the parties, contained the following pertinent provision:
 "8. [Mother] shall be responsible for one-half of their son's college expenses to include cost of tuition, meals, dormitory, and books, when and if she shall obtain full-time employment in her chosen field of sales and marketing, or comparative employment."
In July 1991 the mother filed a petition to have the father held in contempt of court for *Page 288 
failing to pay the son's college expenses. The mother amended her petition in September 1991 and requested that the trial court clarify the provision in the judgment relating to the son's college expenses. Based on the pleadings and a brief submitted by the mother, the court interpreted the provision to mean that the father was responsible for all of the son's college expenses until the mother obtained full-time employment. Once the mother became fully employed, the parties would equally divide the expenses. The father filed post-judgment motions, which were denied. He appeals.
The father asserts that the trial court lacked jurisdiction to entertain the mother's petition because there was no ambiguity in the final judgment.
When a trial court adopts a separation agreement, it is merged into the final judgment of divorce. Dees v. Dees,581 So.2d 1103 (Ala.Civ.App. 1990). A judgment of divorce is to be interpreted or construed like other written instruments.Dees. Whether an agreement is ambiguous is a question of law to be determined by the trial court. Dees. If the agreement is susceptible to more than one meaning, then an ambiguity exists. If only one reasonable meaning clearly emerges, then the agreement is unambiguous. Vainrib v. Downey, 565 So.2d 647
(Ala.Civ.App. 1990). If a provision of an agreement is certain and clear, it is the duty of the trial court to determine its meaning. Vainrib. The words of the agreement are to be given their ordinary meaning, and the intentions of the parties are to be derived from them. Vainrib. The interpretation made by the trial court is accorded a heavy presumption of correctness and will not be disturbed unless it is palpably erroneous. Grizzell v. Grizzell, 583 So.2d 1349
(Ala.Civ.App. 1991).
The trial court had jurisdiction to entertain the mother's request for clarification and interpretation. Grizzell;Patchett v. Patchett, 469 So.2d 642 (Ala.Civ.App. 1985). We find the court's interpretation to be consistent with the terms of the agreement and judgment.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.