Charles R. Curry and Debora Jo Curry were divorced by the Circuit Court of Mobile County on March 30, 1990. The trial court incorporated an agreement of the parties in its divorce judgment. On February 11, 1997, the wife petitioned for a modification of the divorce judgment; she later amended her petition to seek, among other things, a judgment for an alleged child support arrearage and to have the husband held in contempt. On October 14, 1997, the trial court entered an order that, among other things, found the husband in contempt and awarded the wife a judgment for $23,220, representing a child support arrearage. The husband appeals, arguing that the trial court erred in assessing an arrearage against him and in holding him in contempt.
The parties dispute the meaning of the divorce judgment provisions regarding the award of child support. In June 1989, the parties entered into a separation agreement that provided in part:
 "2. Incorporation of Agreement. That in the event a court of competent jurisdiction sees fit to award either party a divorce or [judgment] of separate maintenance and support from the other upon the evidence presented, then it is agreed that this Agreement shall be incorporated in said [judgment] by reference thereto and thereafter be binding and conclusive on the parties.
". . . .
 "5. Child Support. That the Husband shall pay for the support of the aforesaid children the sum of Six Hundred ($600.00) Dollars per month commencing June 1, 1989, and continuing monthly thereafter until the entry of any [judgment] of divorce or separate maintenance herein; child support payments shall continue as herein provided in the event the [judgment] incorporates the provisions of this Agreement; in no event shall the support accruing to said children extend beyond the time each child reaches the age of 18, becomes married, self-supporting, emancipated or dies and at that time the obligation to such child shall cease and terminate. As the obligation to support terminates for each child, the support obligation of the Husband shall be reduced as follows: a) Upon the emancipation of the first child, the Husband's child support obligation shall be reduced to Four Hundred Fifty ($450.00) Dollars per month for the remaining two children; b) Upon the emancipation of the second child, the Husband's child support obligation shall be reduced to $300.00 per month for the remaining child. . . ."
The trial court incorporated the parties' separation agreement in the final judgment of divorce, with some changes to the terms of that agreement. The judgment of divorce provides in part:
 "An agreement having been entered into between the parties and on file in this cause, said agreement . . . hereby is ratified and affirmed and the court ORDERS, ADJUDGES and DECREES as follows:
 "The parties acknowledge that they entered into a separation agreement dated the 30th day of June 1989, at which time they were represented by counsel. . . . The parties agree that this Agreement shall be incorporated into . . . the [Judgment] of this Court in accordance with *Page 709 
Paragraph Two of said Agreement with the exception that the following changes shall be made:
 "1. Paragraph Five of said Separation Agreement shall be modified to increase the sum of $600.00 a month to $850.00 per month effective April 1, 1990. Said paragraph is further modified to change the age at which child support would cease [to] the age of majority rather than 18 as shown."
(Emphasis added.)
The parties' oldest child reached the age of majority on November 14, 1993. Beginning in December 1993, the husband reduced the child support payment from $850 per month to $450 per month. In her amended petition for a modification, the wife claimed that the divorce judgment made no provision for a reduction in the husband's child support obligation upon the emancipation of the parties' oldest child. Therefore, the wife claimed that the husband was $400 in arrears for each month beginning in December 1993; the wife sought a total arrearage of approximately $20,000.
Where a trial court adopts a separation agreement, the agreement becomes merged into the final divorce judgment.Wimpee v. Wimpee, 641 So.2d 287 (Ala.Civ.App. 1994). Whether an agreement is ambiguous is a question of law for the trial court. Dees v. Dees, 581 So.2d 1103 (Ala.Civ.App. 1990). If the agreement is susceptible to more than one meaning, an ambiguity exists. Vainrib v. Downey, 565 So.2d 647
(Ala.Civ.App. 1990). "The words of an agreement are to be given their ordinary meaning, and the intention of the parties are to be derived from them." Wimpee v. Wimpee, 641 So.2d at 288. Where an ambiguity exists, parol evidence may be admitted to clarify or explain the ambiguity. Vainrib v. Downey, supra.
Because the trial court allowed parol evidence regarding the parties' interpretations of the disputed paragraph of the divorce judgment, we conclude that the trial court found that an ambiguity existed in the divorce judgment. The determination of whether a document is ambiguous is a question of law; therefore, no presumption of correctness attaches to the trial court's determination on that question. See General Aviation,Inc. v. Aerial Services, Inc., 700 So.2d 1385
(Ala.Civ.App. 1997).
We hold that the language in the divorce judgment is clear, certain, and unambiguous. The disputed paragraph in the divorce judgment modifies specific terms in the separation agreement's paragraph concerning child support. The divorce judgment specifies that the parties' separation agreement was incorporated into the final divorce judgment. However, in the divorce judgment, the trial court replaced the figure of $600 with $850 and also altered the effective date of that modification. The parties' separation agreement was "further modified" to change the age of the children at which the husband's child support obligation would cease to the legal age of majority in Alabama. These modifications clearly apply only to the specific terms addressed by the divorce judgment. Nothing in the language of the divorce judgment supports the wife's argument that paragraph one of the divorce judgment "effectively replaced" the paragraph concerning child support contained in the parties' separation agreement and that, therefore, an arrearage had accrued. The husband paid child support in accordance with the clear terms of the divorce judgment; thus, no child support arrearage accrued. The trial court's judgment awarding a child support arrearage to the wife is reversed.
The husband also argues that the trial court erred in finding him in contempt. The trial court found the husband in contempt for his failure to comply with past orders of the trial court; the trial court determined that the husband could purge himself of that contempt by complying with the October 14, 1997, order and future orders. However, this court has determined that the husband complied with the express terms of the divorce judgment and that no child support arrearage had accrued. Although the finding of contempt is within the discretion of the trial court, Stack v. Stack, 646 So.2d 51 (Ala.Civ.App. 1994), we must reverse. Because the husband complied with the terms of the divorce judgment, we hold *Page 710 
that the trial court erred in finding the husband in contempt.
Although the "statement of the issues" portion of the husband's brief on appeal does not raise this question, the husband argues in his brief that the trial court erred in awarding the wife an attorney fee. However, a trial court may award an attorney fee in a child support modification proceeding; the decision to award such a fee and the amount of the fee are within the discretion of the trial court.Taylor v. Taylor, 486 So.2d 1294 (Ala.Civ.App. 1986). Because the trial court modified the husband's child support obligation, we find no abuse of discretion in the trial court's award of a $250 attorney fee to the wife.
The wife's request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.