722 So.2d 768 (1998)
Tracey JONES
v.
Richard JONES.
2970410.
Court of Civil Appeals of Alabama.
September 4, 1998.
David E. Hodges, P.C., Birmingham, for appellant.
No brief filed for appellee.
HOLMES, Retired Appellate Judge.
This case involves the interpretation of a divorce judgment.
The following facts are undisputed: In February 1994 the trial court divorced the parties and entered a final judgment of divorce, which incorporated an agreement reached by the parties. Pursuant to the agreement, the wife would have sole title to the 1991 Toyota automobile, the husband would make all payments on the automobile, *769 and the wife would pay the insurance premiums on the automobile.
In January 1997 the automobile was stolen and subsequently totaled. The Jefferson County Teachers Credit Union, which financed the automobile, accelerated the note and declared the full balance due and payable. The wife's insurance company paid a portion of the insurance proceeds to the credit union to satisfy the balance due on the note.
In May 1997 the wife filed a petition for rule nisi, requesting that the trial court hold the husband in contempt for failing to reimburse her $2,218.95, the proceeds her insurance company had paid to the credit union. Accordingly, she sought a judgment for that amount.
The trial court held a hearing on the petition for rule nisi and issued an order, dated December 5, 1997, wherein it denied the wife's requested relief. The wife subsequently filed a post-judgment motion, which the trial court denied.
The wife appeals. We note that the husband did not provide this court with a brief.
At the outset we emphasize that "[w]hen [an agreement], by its terms, is plain and free from ambiguity, it must be enforced as written." American Standard, Inc. v. Goodman Equip. Co., 578 So.2d 1083, 1085 (Ala.1991). An agreement is unambiguous if it is susceptible to only one meaning. Vainrib v. Downey, 565 So.2d 647 (Ala.1990).
Paragraph 12 of the divorce judgment states the following:
"Sole title in and to the 1991 Toyota automobile is hereby confirmed in the [wife]. [The husband] agrees to make all payments on said automobile that shall become due and payable to Jefferson County Teachers Credit Union and [to] hold [the wife] harmless from payments therein. [The wife] agrees to pay all insurance premiums and cause the insurance carrier to notify [the husband] of cancellation or nonpayment of same."
(Emphasis added.)
We find the terms of the divorce agreement to be plain, unambiguous, and susceptible to only one meaningthe husband agreed to pay the credit union all payments on the automobile that "shall become due and payable" and to hold the wife "harmless from payments therein." In other words, the agreement did not place any restrictions on the husband's obligation to make the payments, regardless of how such payments became due.
It is undisputed that when the car was destroyed, the balance remaining on the automobile note, i.e., $2,218.95, became due and payable to the credit union. Hence, it was the husband's responsibility, under the terms of the divorce agreement, to pay that amount.
Furthermore, we add that the wife obtained insurance coverage on the automobile solely for her benefit and that the husband was not a party under the insurance contract. Yet, the husband has, in effect, received an indirect benefit under the contract, for which he did not bargain. As a result, the wife has not been made whole.
Based on the foregoing, the trial court erred in not entering a judgment in favor of the wife for that portion of the proceeds that her insurance company paid directly to the credit union, for which the husband, under the terms of the divorce judgment, was responsible.
Consequently, the judgment is reversed and the case is remanded for proceedings not inconsistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.
MONROE, J., dissents.
MONROE, Judge, dissenting.
Because I would affirm the trial court, I must respectfully dissent.