Jerry Hallman (the "husband") and Dawn Hallman (the "wife") were divorced on March 23, 1999, by an order of the trial court. The divorce judgment incorporated a settlement agreement reached by the parties.
On August 26, 1999, the wife filed a petition for a rule nisi, alleging, among other things, that the husband had failed to pay joint debts for which he was responsible under the divorce judgment. The husband filed a petition to modify the divorce judgment, seeking to reduce his child-support obligation because one of the parties' children had reached the age of majority.
The trial court conducted an ore tenus hearing on June 21, 2000. On August 14, 2000, the trial court entered a judgment modifying the husband's child-support obligation and ordering him to pay all debts of the marriage incurred before June 9, 1997. The husband filed a postjudgment motion, arguing that the wife had failed to disclose, at the time the parties entered into the settlement agreement that was later incorporated into the divorce judgment, many of the debts incurred during the marriage. In his postjudgment motion, the husband argued that the trial court's August 14, 2000, judgment was "unjust, inappropriate, *Page 1097 
and inequitable." The trial court denied the husband's postjudgment motion; the husband appealed.
The record indicates that the parties have substantial consumer debt. One exhibit submitted by the wife indicates that at the time of their separation, the parties, either jointly or in their individual names, had outstanding balances on over 30 different credit-card accounts. Most of the credit cards had been obtained in the wife's name. Since shortly after the parties' divorce, each party has disputed his or her liability for certain debts incurred during the marriage. The wife testified that she would mail bills for various credit-card debts to the husband, and that he would mail those bills back to her. The wife testified that one creditor had obtained a judgment against her and had garnished her wages.
The wife testified that the amounts charged to the various credit-card accounts were for the family's clothing, household needs, and vacations; she was unable to present monthly billing statements reflecting those charges in support of her testimony. The wife also testified that the parties had incurred charges on, or obtained cash advances from, their credit cards to finance the husband's business; the husband denied having done so.
The wife testified that, at the time of the parties' divorce, she thought their total consumer debt was between $42,000 and $58,000. The wife testified that during the parties' marriage, she paid the family's monthly bills. The husband denied looking at the monthly bills. Therefore, he testified, he had no knowledge of the amount of the parties' debts, or to whom those debts were owed. However, the wife testified that before their divorce, she and the husband had attempted to compute their total debt, using various monthly billing statements that arrived in the mail.
The wife admitted that during discovery in the parties' divorce action the husband had requested that she provide him a list of all of the debts of the marriage. The wife also admitted that the list she provided the husband was not complete and that it did not contain several debts. The wife testified that she thought she had given the husband a complete list. However, she admitted that she did not tell the husband that one creditor had obtained a judgment against her; she also admitted that she did not include that debt on the list she provided to the husband during discovery.
The husband testified that the vast majority of the credit cards were obtained in the wife's name and that he did not co-sign for those cards. He testified that he did not ask the wife to make purchases for him using the credit cards, and he denied obtaining cash advances in order to finance his business. The husband testified that at the time he signed the parties' settlement agreement, he was unaware of the debts the wife had failed to list in her discovery responses. The husband admitted that the wife has experienced difficulty with her memory since an accident in which she had suffered a head injury; that accident occurred approximately 10 years before the hearing in this proceeding.
The parties' settlement agreement stated, in relevant part, "[t]he [husband] to pay all debts before June 9, 1997. After that date, each party to pay their debts and hold the other harmless." Each party signed that settlement agreement.
The divorce judgment, based on the parties' settlement agreement, states, in relevant part:
 "20. That the Husband shall pay all credit debts of the marriage dated before June 9, 1997, and agrees to indemnify *Page 1098 
and hold the Wife harmless for and shall pay those debts in his/her respective name not otherwise specifically referenced herein and shall indemnify and hold the other party harmless therefor."
On appeal, the husband argues that the trial court impermissibly broadened the divorce judgment. However, we conclude that the trial court interpreted a provision contained within its own judgment. In its August 14, 2000, judgment, the trial court found that paragraph 20 of the divorce judgment was "clear," and that it meant that "[t]he husband is to pay all credit debts incurred before June 9, 1997. Thereafter, each party is to be responsible for the debts in his/her respective name."
A trial court has the inherent power to interpret, implement, or enforce its own judgment. Helms v. Helms' Kennels, Inc., 646 So.2d 1343
(Ala. 1994); Grayson v. Grayson, 628 So.2d 918 (Ala.Civ.App. 1993). Generally, a trial court may not modify a property division more than 30 days after the entry of the judgment. Rule 59, Ala.R.Civ.P.; Russell v.Russell, 386 So.2d 758 (Ala.Civ.App. 1980). However, if a provision in a divorce judgment is ambiguous, the court may interpret or clarify the judgment, and the clarification is not considered a modification of the judgment. Mullins v. Mullins, 770 So.2d 624 (Ala.Civ.App. 2000).
A settlement agreement incorporated into a divorce judgment is construed in the same manner as any other contract. Sartin v. Sartin,678 So.2d 1181 (Ala.Civ.App. 1996). Whether a provision of a divorce judgment is ambiguous is a question of law to be resolved by the trial court. Wimpee v. Wimpee, 641 So.2d 287 (Ala.Civ.App. 1994). The words of a judgment are to be given their plain and ordinary meanings, and the intentions of the parties are derived from them; an ambiguity exists if the judgment is susceptible to more than one meaning. Vainrib v. Downey,565 So.2d 647 (Ala.Civ.App. 1990). Further, if a provision in a divorce judgment is unambiguous, it is within the trial court's discretion to interpret the meaning of the provision, and that interpretation is accorded a presumption of correctness on appeal. Vainrib v. Downey, supra.
In this case, the trial court concluded that paragraph 20 was "clear" and unambiguous. After considering the language of paragraph 20, quoted above, we likewise conclude that the provision is not ambiguous. SeeVainrib v. Downey, supra. An unambiguous judgment must be enforced according to its terms. Jones v. Jones, 722 So.2d 768 (Ala.Civ.App. 1998).
The husband argues that the trial court erred in ordering him to pay the debts of the marriage because, he alleges in his brief on appeal, the wife committed fraud in failing to disclose the full extent of these debts; he argues that the divorce judgment should be held void or set aside. An unambiguous provision of a divorce judgment that incorporates a property settlement may be set aside or modified pursuant to a motion filed under Rule 59(e), Ala.R.Civ.P., where the moving party demonstrates that the opposing party committed fraud or concealed assets or liabilities. Ex parte Johnson, 715 So.2d 783 (Ala. 1998); Barganier v.Barganier, 669 So.2d 933 (Ala.Civ.App. 1995). Also, a divorce judgment incorporating a property settlement may be set aside or modified where a party seeks relief from the judgment by filing a motion pursuant to Rule 60(b), Ala.R.Civ.P. Brice v. Brice, 340 So.2d 792 (Ala. 1976); Elliottv. Elliott, 667 So.2d 116 (Ala.Civ.App. 1995); Kunkel v. Kunkel,547 So.2d 555 (Ala.Civ.App. 1989).
The husband did not file a timely Rule 59(e), Ala.R.Civ.P., motion; neither did he seek relief from the divorce judgment *Page 1099 
pursuant to Rule 60(b), Ala.R.Civ.P. The husband defended the wife's action to enforce the divorce judgment by arguing fraud and failure to disclose; however, the only form of relief the husband sought in the trial court from the March 23, 1999, divorce judgment was a reduction of his child-support obligation. Thus, because the husband failed to seek, through either a Rule 59(e) or a Rule 60(b) motion, to modify or set aside the divorce judgment based on the alleged fraud, we cannot say that the trial court erred in refusing to do so.
The husband has failed to demonstrate error. The judgment of the trial court is due to be affirmed.
The wife's request for an attorney fee is denied.
AFFIRMED.
Yates, P.J., and Crawley, Pittman, and Murdock, JJ., concur.