CRAWLEY, Presiding Judge,
concurring in the result.
In light of the well-settled principle that a trial court has the inherent power to interpret, implement, or enforce its own judgments, see Helms v. Helms’ Kennels, Inc., 646 So.2d 1343 (Ala.1994); and Hallman v. Hallman, 802 So.2d 1095 (Ala.Civ.App.2001), I believe it is unnecessary to reach the constitutional issues addressed in the main opinion.
Because the duty of á trial court in ruling on a motion for a summary judgment is not to try issues of fact but to determine whether such issues exist, see generally, Annot., Admissibility of Oral Testimony at State Summary Judgment Hearing, 53 A.L.R.4th 527 (1987), it is difficult to see why the trial court conducted an ore tenus proceeding in this case. Nevertheless, I agree with the main opinion that the basis for the court’s ruling on the motion for a summary judgment was a question of law: whether the court had the power to enforce the divorce judgment after 45 days following its entry.