BRYAN, Judge.
 

 Terry Lane Belcher (“the father”) appeals from a judgment of the St. Clair Circuit Court ordering him to pay Andrea Scoggins Belcher (“the mother”) $40,535 for the postminority educational expenses of Mylie Belcher (“the daughter”). We affirm in part, reverse in part, and remand.
 

 
 *947
 
 In December 1991, the trial court entered a judgment divorcing the parties. Paragraph six of the divorce judgment provides that
 

 “the [father] shall be responsible for paying the parties’ minor children’s tuition, including but not limited to, fees and books, for up to a four year period for post high school education. This amount shall be equivalent to the tuition, fees and books at the University of Alabama in Tuscaloosa, for each year enrolled.”
 

 In January 2007, the father petitioned the trial court to terminate his child-support obligation as to the daughter. The mother counterpetitioned for a rule nisi alleging, among other things, that the father had violated the trial court’s divorce judgment by failing to pay for the daughter’s college tuition, books, and fees. After holding an ore tenus proceeding on November 19, 2007, the trial court, on November 30, 2007, entered a judgment providing, in pertinent part:
 

 “1. That the [father] has certainly failed to pay the expenses of the [daughter] in her post high school education as contemplated by paragraph six [of the judgment of divorce] and [the trial court] is of the opinion that the [father] owes the following:
 

 “a. Tuition in the amount of $2,248.00.
 

 “b. Dorm expense $6,265.00
 

 “e. Books $4,580.00.
 

 “d. Fees and activities $1,270.00.
 

 “e. Food and automobile expense $11,600.00.
 

 “f. Medical and Dental Expense $6,922.00.
 

 “g. Total of $50,885.00.
 
 [1]
 

 “2. However, the [daughter] has received a- Pell Grant in the amount of $10,350.00, which shall be deducted from the total owed by [the father], making the balance owed by [the father] $40,535.00.
 

 “3. The [father] is in contempt for his failure to pay pursuant to the original [divorce] decree.
 

 “4. The [father] shall purge himself of contempt by paying the amount stated hereinabove in full within 90 days from the date hereof.”
 

 The father timely moved the trial court for a new trial or, in the alternative, to alter, amend, or vacate its November 30, 2007, judgment. After a hearing on the father’s postjudgment motion, the trial court entered an order on February 13, 2008, that, among other things, modified the amount of the daughter’s tuition the father was required to pay under the November 30, 2007, judgment.
 
 [2]
 
 The father timely appealed.
 

 On appeal, the father argues that the trial court erred by interpreting the divorce judgment to require him to pay the daughter’s “medical and dental expense,” “food and automobile expense,” and “dorm
 
 *948
 
 expense” as part of his obligation to pay the daughter’s postminority educational expenses.
 
 [3]
 
 Specifically, the father argues that the above-referenced expenses do not qualify as “fees” that he is required to pay under the divorce judgment. The father also argues that the trial court’s judgment should be reduced by $1,000, which represents the total value of two scholarships that the daughter previously had earned.
 

 “A divorce judgment should be interpreted or construed as other written instruments are interpreted or construed.
 
 Sartin v. Sartin,
 
 678 So.2d 1181 (Ala.Civ.App.1996). ‘The words of the agreement are to be given them ordinary meaning, and the intentions of the parties are to be derived from them.’
 
 Id.
 
 at 1183. Whether an agreement is ambiguous is a question of law for the trial court.
 
 Wimpee v. Wimpee,
 
 641 So.2d 287 (Ala.Civ.App.1994). An agreement that by its terms is plain and free from ambiguity must be enforced as written.
 
 Jones v. Jones,
 
 722 So.2d 768 (Ala.Civ.App.1998). An ambiguity exists if the agreement is susceptible to more than one meaning.
 
 Vainrib v. Downey,
 
 565 So.2d 647 (Ala.Civ.App.1990). However, if only one reasonable meaning clearly emerges, then the agreement is unambiguous.
 
 Id.”
 

 R.G. v. G.G.,
 
 771 So.2d 490, 494 (Ala.Civ.App.2000).
 

 As an initial matter, we note that the father failed to argue either at trial or in his postjudgment motion that he should not be responsible for paying the daughter’s “food and automobile expense” and “dorm expense” as part of his obligation to pay the daughter’s postminority educational expenses; thus, the father has waived appellate review of those arguments.
 
 Andrews v. Merritt Oil Co.,
 
 612 So.2d 409, 410 (Ala.1992) (citing
 
 Rodriguez-Ramos v. J. Thomas Williams, Jr., M.D., P.C.,
 
 580 So.2d 1326 (Ala.1991)) (“This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.”).
 

 Thus, the only issues that the father has properly preserved for appellate review are (1) whether the trial court erred in requiring him to pay the daughter’s “medical and dental expense” and (2) whether the trial court erred in failing to deduct the $1,000 in scholarships that the daughter had earned from the total amount that the father was ordered to pay under the November 30, 2007, judgment, as amended.
 

 As noted above, the divorce judgment provides that the father “shall be responsible for paying the parties’ minor children’s tuition, including but not limited to, fees and books, for up to a four year period for post high school education.” The father argues that the plain language of the divorce judgment does not require him to pay the daughter’s medical and dental expenses as part of his obligation to pay the daughter’s postminority educational expenses.
 

 Conversely, the mother argues that the trial court properly interpreted the phrase in the divorce judgment, “including but not limited to,” to include the daughter’s medical and dental expenses as part of the daughter’s postminority educational expenses, and, thus, she says, the trial court correctly ordered the father to pay those expenses. In support of her argument, the mother cites
 
 Waddell v. Waddell,
 
 904
 
 *949
 
 So.2d 1275 (Ala.Civ.App.2004), in which this court, among other things, affirmed the trial court’s judgment insofar as it required the father in that case to maintain health insurance for his sons while they attended college. 904 So.2d at 1283.
 

 The facts of this case are distinguishable from the facts in
 
 Waddell.
 
 In
 
 Waddell,
 
 the trial court had entered a judgment expressly ordering the father to maintain health insurance for his sons after they had reached the age of majority while they attended college. The relevant issue in
 
 Waddell
 
 was whether the trial court had properly incorporated in its judgment an award of postminority support that included the sons’ health-related expenses. However, in the present case, the trial court had made no prior award expressly requiring the father to pay the daughter’s health-related expenses; rather, the issue here is whether the trial court properly interpreted the divorce judgment — in the absence of explicit language regarding the daughter’s health-related expenses — to include a requirement that the father pay the daughter’s medical and dental expenses as part of his postminority-support obligation.
 

 The plain language of the divorce judgment provides that the father shall be responsible for paying the daughter’s college tuition and that the daughter’s college-tuition costs include, but are not limited to, her books and fees. The “fees” that the father is required to pay are, under the plain language of the divorce judgment, fees related to the daughter’s college tuition. For all that appears in the record, the divorce judgment is devoid of language indicating that the father is required to pay the daughter’s medical and dental expenses as part of his postminority-support obligation.
 
 [4]
 
 The trial court could have chosen to include language in the divorce judgment expressly ordering the father to pay the daughter’s medical and dental expenses; however, the trial court apparently chose not to do so. The language of paragraph six of the divorce judgment is plain and unambiguous on its face, and, thus, the words of paragraph six must be given their ordinary meaning.
 
 R.G., supra.
 
 We conclude that the trial court’s award of medical and dental expenses is not in accordance with the plain language of the divorce judgment; accordingly, we reverse the trial court’s judgment insofar as it ordered the father to pay $6,922 for the daughter’s medical and dental expenses.
 

 The father also argues that the trial court erred in failing to deduct the $1,000 in scholarships that the daughter had earned from the total amount that the father was ordered to pay under the November 30, 2007, judgment, as amended. However, the father wholly failed to offer any authority in support of this argument; thus, we will not address this issue.
 
 Prattville Memorial Chapel v. Parker,
 
 10 So.3d 546, 565 (Ala.2008) (quoting
 
 White Sands Group, L.L.C. v. PRS II, LLC,
 
 998 So.2d 1042, 1058 (Ala.2008)) (“[I]t is the appellant’s duty to present ‘relevant legal authorities that support [his] position.’ ”); Rule 28(a)(10), Ala. R.App. P. (an appellant’s argument shall contain “the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on”).
 

 
 *950
 
 Based on the foregoing, we reverse the trial court’s November 30, 2007, judgment, as amended, insofar as it ordered the father to pay the daughter’s medical and dental expenses in the amount of $6,922, and we remand the cause to the trial court for proceedings consistent with this opinion. As to the other issues the father raises on appeal, we affirm.
 

 The mother’s request for the award of an attorney fee on appeal is denied.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 1. The expenses listed in paragraph l.a. through l.f. of the trial court’s November 30, 2007, judgment amount to $32,885. Apparently, the trial court erred in listing the amount of tuition owed in paragraph l.a. See note 2,
 
 infra.
 

 [2]
 

 .
 
 The trial court's February 13, 2008, order modified the amount of the daughter’s college tuition that the father was required to pay from $2,248.00 to $22,480.00; however, on appeal, the parties agree that the total of $22,480.00 is incorrect. During the November 19, 2007, ore tenus proceeding, the trial court admitted into evidence an exhibit offered by the father indicating that the daughter's tuition totaled $20,248.00, and the mother stipulated to the accuracy of that amount. In any event, the father has not challenged the amount of the daughter's tuition that the trial court ordered him to pay.
 

 [3]
 

 . The record on appeal reveals that, at the time of the November 19, 2007, ore tenus proceeding, the daughter had been attending Jacksonville Stale University since the fall semester of 2004 and that she expected to graduate cum laude with a bachelor of science degree in elementary education in December 2007.
 

 [4]
 

 . We note that the record on appeal does not include a copy of the divorce judgment; however, paragraph six of the divorce judgment is quoted both in the mother's counterpetition for a rule nisi and in her brief on appeal. The father makes no argument that the mother has inaccurately quoted paragraph six of the divorce judgment.