THOMPSON, Presiding Judge.
Bridget T. Hartley (“the mother”) appeals from the trial court’s judgment retroactively reducing the child-support obligation of Curtis C. Hartley (“the father”), which was established in a 2001 judgment divorcing the parties (“the 2001 judgment”), and forgiving the father’s child-support arrearage.
In the 2001 judgment, the mother was awarded sole physical custody of the parties’ two children, and the father was ordered to pay the mother child support in the amount of $677 each month. The 2001 judgment did not specify an amount to be paid as to each child. The parties’ older child reached the age of majority in October 2004. At that time, the father unilaterally reduced his monthly child-support payments to $838.50. The mother said she did not agree to the father’s reduction in the child-support payments, but, she said, she could not afford to hire an attorney at that time.
In June 2008, the mother registered the 2001 judgment containing the child-support order with the Autauga County Department of Human Resources’ Child Support Enforcement Unit. Shortly afterward, on June 13, 2008, the father filed a petition to modify the 2001 judgment, seeking custody of the parties’ younger child and a modification of child support.
At the hearing on the modification petition, the father acknowledged that he had unilaterally reduced his child-support payment as of October 2004 because that was when the older child had reached the age of majority. The trial court agreed that, at that time, child support for the older child terminated “as a matter of law” and the father no longer had to pay support for the older child. At the hearing, the trial court told the parties that
“[t]he child support on that child, on the child born on October 4, 1985, terminated by operation of law upon reaching age of majority. That terminated. So what we have to decide — That didn’t relieve his child support obligation. His child-support obligation may have still been [$]677. There’s no way to know that without knowing what the incomes of the parties were at that time. I need to know what his income was at that time and what her income was at that time. It cannot be disputed that the child support for the oldest child terminated without anybody having to do anything under operation of law on the day [the older child] turned age of majority. Now, there was a continuing obligation as to the one [younger] child. The question is what was his support obligation after that?”
In an October 3, 2008, judgment, the trial court determined that under the Rule 32, Ala. R. Jud. Admin., guidelines, the father’s monthly child-support payment for the younger child would have been $321. The father had been paying $338.50 each month since October 2004. Therefore, the trial court found, not only was the father not in arrears, as the mother had contended, but the father “has made child support payments in excess of the payments which would have been required had child support been modified pursuant to Rule 32, [Ala. R. Jud. Admin.].” Additionally, pursuant to an agreement between the parties, the father was awarded legal and physical custody of their younger child. The trial court ordered the mother to pay the father $165 in child support each month.
*745 The mother contends that the trial court erred in allowing the father to reduce unilaterally the child-support obligation established in the 2001 judgment and in forgiving the arrearage accumulated between October 2004, when the father stopped making the full child-support payment, and June 2008, when the father filed his petition to modify child support. We agree.
‘When the order establishing the amount of child support to be paid does not designate a specific amount for each child, events such as a child’s reaching the age of majority or a child’s marriage do not automatically modify a child support judgment. State ex rel. Killingsworth v. Snell, 681 So.2d 620, 621 (Ala.Civ.App.1996); Hamilton v. Phillips, 494 So.2d 659, 661 (Ala.Civ.App.1986).”
State ex rel. Dep’t of Human Res. v. Curran, 716 So.2d 1196, 1199 (Ala.Civ.App.1997). In Woods v. Woods, 851 So.2d 541 (Ala.Civ.App.2002), this court concluded that, because the divorce judgment set forth a single figure for the amount of monthly child support to be paid for two children, rather than specifying an amount of support for each child, “one child’s obtaining the age of majority did not work to automatically terminate the husband’s child-support obligation” as to that child. Id. at 548, citing State ex rel. Dep’t of Human Res. v. Curran, 716 So.2d at 1197.
Furthermore, as the mother correctly points out, it is well settled that child-support payments that mature or become due before the filing of a petition to modify are not modifiable. Ex parte State ex rel. Lamon, 702 So.2d 449 (Ala.1997). A child-support obligation may be modified only as to installments that accrue after the filing of a petition to modify the child-support obligation. Rule 32(A)(3)(a), Ala. R. Jud. Admin. See also Woods v. Woods, 851 So.2d at 547-48; Stinson v. Stinson, 729 So.2d 864 (Ala.Civ.App.1998) (affirming a judgment terminating a noncustodial parent’s obligation to pay child support as of the date of the filing of the petition to modify, where the child reached the age of majority approximately 10 months before the noncustodial parent filed his petition to modify).
In this case, the 2001 judgment provided that the father “shall continue to pay child support to [the mother] in accordance with the Pendente Lite Orders[1] issued in this case; payment shall be in the amount of six hundred and seventy-seven dollars and shall be due by the 15th day of each month; said amount is in compliance with Rule 32 of the Alabama Rules of Judicial Administration.” The 2001 judgment did not designate separate amounts of child support for each child, and it did not contain a provision indicating when the obligation would end. Therefore, the father’s monthly child-support obligation of $677 as set forth in the 2001 judgment could not be automatically modified when the older child reached the age of majority. The full amount of the child-support obligation continued to mature each month, and the trial court could not properly forgive the difference between the amount of child support the father was paying and the amount due each month until the date the father filed his petition for modification. Accordingly, the trial court erred in retroactively modifying the father’s child-support obligation effective on the date the older child reached the age of majority.
For the reasons set forth above, the judgment of the trial court is due to be reversed and the cause remanded for the trial court to determine the father’s ar- *746 rearage and to enter a judgment consistent with this opinion.
REVERSED AND REMANDED.
PITTMAN and THOMAS, JJ., concur.
BRYAN, J., concurs in the result, with writing, which MOORE, J., joins.

. The pendente lite orders previously entered in the initial divorce action were not included in the record on appeal in this modification action.