THOMAS, Judge.
 

 This is an appeal from a judgment allowing a credit against a child-support arrear-age for direct payments made to adult children.
 

 Facts and Procedural History
 

 Christy Harris (“the mother”) and William Scott Weaver (“the father”) divorced in 1995; they had three children. As part of the settlement agreement incorporated into the divorce judgment, the father was ordered to pay $850 per month in child support. The agreement stated, in pertinent part:
 

 “[The father] shall pay $850 per month as child-support for the minor children which is in compliance with the Alabama Child-support Guidelines.... This child-support shall be in the appropriate amount until the youngest child attains the age of nineteen, marries, or otherwise becomes self-supporting.”
 

 The father made child-support payments for 8 years, with the exception of 1 missed payment in 2001. In 1998, the father lost his job, but he continued to make the payments by using a credit card and by withdrawing cash from his retirement account. The father did not request a modification of child support in 1998, and the mother did not immediately take court action based on the missed payment in 2001.
 

 In 2004, one of the three children reached the age of majority. The father believed the phrase “the appropriate amount” in the parties’ settlement agreement incorporated into the divorce judgment allowed him to pay one-third of his child-support obligation directly to the oldest child for college expenses. In 2007, when the second oldest child reached the age of majority, the father also began paying another one-third of his child-support obligation directly to that child for college expenses. The father paid each child with a check each time and maintained an accurate payment history. In 2004, the mother informed the father that she believed the father could not pay one-third of his child-support obligation directly to their oldest child. The father explained to the mother that, under his interpretation of the divorce judgment, he believed he could. Neither party brought the dispute to the attention of the trial court until 2008. In addition, the mother endorsed many of the cheeks that were paid directly to the children.
 

 On October 1, 2008, the State of Alabama (“the State”), on behalf of the mother, filed a petition for contempt against the father. The petition alleged that the father owed a child-support arrearage in the principal amount of $21,113.00 and interest in the amount of $5,772.51. At the hearing, the father admitted that some payments he had made directly to the adult children were for less than one-third of his child-support obligation. He further admitted that he did not have the authority to unilaterally reduce his child-support payments by one-third each time a child reached the age of majority. The father requested that he be permitted to make a payment sufficient to purge himself of contempt and that he receive a credit against the arrearage amount for the direct payments he had made to his adult children. The State contended that the payments the father made to his adult children were only gifts and that the father was obligated to pay the full arrearage without receiving any credit.
 

 The trial court found, among other things, that the father must pay the ar-rearage but that his payments to the older children would be credited against that amount. The trial court reasoned that the phrase “the appropriate amount” made the
 
 *1233
 
 agreement incorporated into the parties’ divorce judgment ambiguous. The trial court observed that the mother waited approximately 10 years before filing an action to seek the establishment of an ar-rearage even though she had endorsed many of the checks made out directly to the older children. Similarly, the father had had the same time frame in which to seek a clarification about the ambiguity or to seek a modification of his child-support obligation. Therefore, the trial court reasoned, in pertinent part:
 

 “Lest we forget, those of us who are attorneys recognize the rules of construction for contracts and agreements, but it is the lay people — the subject matter of these agreements and contracts — who have to live it out. As a matter of equity, neither side should benefit from or be penalized for their lack of action.”
 

 The trial court found that the father owed a total arrearage of $23,221.75 and that the father was entitled to a credit for direct payments totaling $16,090.00. The trial court ordered the father to pay the $6,834.75 in remaining arrearage within 30 days.
 

 The State filed a postjudgment motion alleging, among other things, that the father could not be given credit toward the arrearage for money he gave to his adult children. The trial court entered an order that, among other things, denied the State’s motion. The State then appealed to this court.
 

 Issues
 

 The State presents one issue on appeal: whether the trial court erred when it gave the father credit for money given directly to his adult children.
 

 Standard of Review
 

 “The award or denial of a credit against an arrearage is within the sound discretion of the trial court and will not be reversed absent a showing of plain and palpable abuse.”
 
 Phillippi v. State ex rel. Burke,
 
 589 So.2d 1303, 1304 (Ala.Civ.App.1991).
 

 Analysis
 

 The father argues that the trial court had the discretion to credit payments made to defray the older children’s college expenses against his child-support arrear-age. The State responds that, although this may be true for minor children, it is not true if the parent is no longer obligated to pay any form of support, as in the case of an emancipated or adult child. This court has held that, when the parent is still obligated to pay for the child, payments made directly to a college on behalf of a minor child can be credited against a child-support arrearage.
 
 Wood v. Wood,
 
 434 So.2d 800, 802 (Ala.Civ.App.1983). Also, this court has held that payments made directly to a minor child while that child was attending college can be credited against an arrearage.
 
 Grisham v. Johnson,
 
 532 So.2d 1260, 1261-62 (Ala.Civ.App.1988). However, “there is no authority for the court to credit the father with any support furnished [to a child] after [the child has] reached majority.”
 
 Weaver v. Weaver,
 
 401 So.2d 77, 78 (Ala.Civ.App.1981). The authority does not exist because once the child has reached majority, the father “ha[s] no legal obligation to [provide support].”
 
 Weaver,
 
 401 So.2d at 78. Therefore, the father in the present case “had no legal excuse to claim credits against the ordered amount.”
 
 Id.
 
 (citing
 
 Godec v. Godec,
 
 346 So.2d 459 (Ala.Civ.App.1977)).
 

 The child-support provision in the divorce judgment was ambiguous on whether the father was obligated to pay support to his adult children at the time he began making direct payments to the older chil
 
 *1234
 
 dren. The divorce judgment did not specify a per-child amount of child support. Also, the father’s obligation to pay child support under the divorce judgment ended only when the youngest child reached the age of majority. From the father’s point of view, he was obligated to pay the same amount of child support for three children for a specified amount of time, i.e., until the youngest child reached the age of majority. It is understandable that he interpreted his obligation to the older children as continuing until the youngest child reached the age of majority. After the father explained to the mother his interpretation of the agreement, the mother, by endorsing the direct-payment checks made payable to the adult children, implied that she accepted the father’s interpretation of the divorce judgment. Therefore, this case is distinguishable from
 
 Weaver
 
 and
 
 Wood
 
 because the father had a legal excuse to claim credits against the child-support arrearage.
 

 Conclusion
 

 Because under one reasonable interpretation of the child-support provision of the divorce judgment, the father was obligated to pay support to the older children once they reached the age of majority, he had a legal basis to claim a credit for direct payments to his adult children against his arrearage. Therefore, the trial court’s judgment is affirmed.
 

 AFFIRMED.
 

 PITTMAN, J., concurs.
 

 THOMPSON, P.J., and BRYAN and MOORE, JJ., concur in the result, without writings.