MOORE, Judge.
Quintus C. Langstaff (“the father”) appeals from a final judgment entered by the Lauderdale Circuit Court (“the trial court”) in favor of Rebecca R. Langstaff (“the mother”). We affirm.
Background[1]
On August 31, 2011, the father filed a petition in the trial court seeking a judgment declaring his obligations to pay child support under a divorce judgment entered *130 on October 81, 2006, which, in many respects, incorporated the parties’ settlement agreement. The father asserted that the Lauderdale County Department of Human Resources had notified him that the mother was claiming an arrearage of $14,000 under the divorce judgment. The father sought a judgment declaring that his child-support obligation for the parties’ older child had ceased when that child began attending college in August 2007 and that his obligation to pay child support for the parties’ younger child had ceased during the time that the younger child had primarily resided with the father in 2010. The father further sought a judgment declaring that he did not owe the mother any child-support arrearage.
On July 3, 2012, the father filed a “motion for court to declare child support provisions of decree ambiguous,”[2] along with a brief in support of that motion. The mother filed a responsive brief on October 5, 2012. On October 24, 2012, the trial court denied the motion. After a trial conducted on March 19, 2013, the trial court entered a final judgment in which the trial court determined that the divorce judgment unambiguously required the father to pay the mother $1,000 per month in child support until the younger child had become emancipated unless the court ordered otherwise. The trial court found that the father had failed to pay the required child support and that he owed an arrearage of $20,632.44, plus interest. The father filed a postjudgment motion, which the trial court granted in. part by reducing the arrearage amount to $15,689 after crediting certain partial payments made by the father.

Analysis

On appeal, the father contends solely that the trial court erred in finding the child-support provisions of the divorce judgment to be unambiguous.
“Where a trial court adopts a separation agreement, the agreement becomes merged into the final divorce judgment. Wimpee v. Wimpee, 641 So.2d 287 (Ala.Civ.App.1994). Whether an agreement is ambiguous is a question of law for the trial court. Dees v. Dees, 581 So.2d 1103 (Ala.Civ.App.1990).”
Curry v. Curry, 716 So.2d 707, 709 (Ala.Civ.App.1998). “The determination of whether a document is ambiguous is a question of law; therefore, no presumption of correctness attaches to the trial court’s determination on that question.” Id. ‘When the agreement is reasonably susceptible to more than one meaning, an ambiguity exists. The instrument is unambiguous if only one reasonable meaning clearly emerges.” Vainrib v. Downey, 565 So.2d 647, 648 (Ala.Civ.App.1990).
The father first contends that the divorce judgment is ambiguous because, he says, it contains conflicting provisions as to the effect of the younger child’s moving from the home of the mother. On that point, the parties’ settlement agreement provides, in pertinent part:
“4. CHILD SUPPORT. The husband shall pay the sum of $1,000 per month as child support for the two minor children of these parties.... These *131 payments shall begin on the 1st day of September 2006 and are to continue in a like manner thereafter until the youngest child of the parties has reached the age of majority, leaves home, or otherwise becomes emancipated.... ”
(Bold typeface and capitalization in original; emphasis added.) The divorce judgment itself does not contain the emphasized language, stating, in pertinent part:
“4. CHILD SUPPORT. Support of $1,000 per month beginning September 1, 2006 shall be paid by the husband directly to the wife. These payments will be made in a like manner thereafter until the youngest child of the parties reaches the age of majority, marries, becomes self-supporting, emancipated, or further order of this Court.”
(Bold typeface and capitalization in original.) However, another part of the divorce judgment incorporates the terms of the settlement agreement into the judgment and provides:
“5. AGREEMENT OF THE PARTIES. The written contract between the parties ... is ratified, confirmed and incorporated in this decree. The parties shall abide by those provisions.”
(Bold typeface and capitalization in original.) As a result, the father argues that the divorce judgment contains conflicting provisions that render it ambiguous as to whether child support terminates upon the younger child’s leaving the mother’s home.
We hold that the parties’ settlement agreement does not conflict with the divorce judgment as the father contends. The settlement agreement provides that the child-support payments shall continue “until the youngest child of the parties has reached the age of majority, leaves home, or otherwise becomes emancipated.” Given the ordinary meaning of those words and the context in which they are used, Curry, supra, the settlement agreement provides that the child-support payments would not continue upon the emancipation of the younger child, whether emancipation was achieved by the child’s reaching the age of majority, by the child’s leaving home, or by some other manner. The divorce judgment does not include the phrase “leaves home,” but it does provide that the child support shall cease when the younger child becomes “self-supporting,” which more accurately defines how a minor child who leaves home becomes emancipated under Alabama law. See Preussel v. Preussel, 874 So.2d 1124 (Ala.Civ.App.2003) (minor child who left custodial home to join United States Marine Corps did not become emancipated when he moved back in with custodial parent after boot camp and was not self-supporting). That refinement does not create any conflict between the two documents because the language used, in both refer to the exact same condition of emancipation. Hence, we conclude that the trial court did not err in finding that the divorce judgment unambiguously required the father to pay $1,000 per month in child support unless and until the younger child reached the age of majority, became emancipated, or the court ordered otherwise.
The father next argues that the divorce judgment is ambiguous as to the effect of the older child’s attending college. In addition to the provisions above, the divorce judgment provides, in pertinent part:
“8. POST MINORITY EDUCATION. The parties will split the costs of college o[f| the children of the parties for not more than four years with the father to pay 53% of all expenses not covered by the PACT program and the [mother] to pay 47% of the college expenses not covered by the PACT program. Child support pay *132 ments will cease when the minor children begin college .... ”
(Bold typeface and capitalization in original; emphasis added.) The father maintains that the foregoing provision could be interpreted as requiring child-support payments to continue until both children enroll in college or, alternatively, as relieving the father of paying child support for each child as they individually enter college. However, the judgment does not specify the amount of child support payable for each child. Our caselaw provides that, when the judgment does not specify the amount of child support allocated to each child, “events such as a child’s reaching the age of majority or a child’s marriage do not automatically modify a child support judgment.” State ex rel. Dep’t of Human Res. v. Curran, 716 So.2d 1196, 1199 (Ala.Civ.App.1997). Although that reasoning has been criticized, see Hartley v. Hartley, 42 So.3d 743, 746-47 (Ala.Civ.App.2009) (Bryan, J., concurring in the result, joined by Moore, J.), it remains that Alabama law treats provisions like the one at issue in this case as unambiguously requiring the continued payment of the entire stipulated sum of monthly child support unless and until the obligor parent successfully obtains modification of the judgment.
The father cites only State ex rel. Harris v. Weaver, 55 So.3d 1231 (Ala.Civ.App.2010), in support of his argument. We note that Weaver is a plurality opinion of two judges and, thus, has only questionable precedential value at best. See Ex parte Discount Foods, Inc., 789 So.2d 842, 845 (Ala.2001). However, even in Weaver, the father in that case interpreted a provision requiring him to pay $850 per month in child support for three children as obligating him to continue making those payments for all three children until the youngest child reached the age of majority, even though that meant that he would pay child support for his two older children after they had reached the age of majority. 55 So.3d at 1234. His interpretation of the child-support provision coincided with general Alabama law on the subject as set out in Hartley, supra. In the present case, the father has not cited a single case in which a similarly worded provision has been interpreted as relieving an obligor parent of the duty to pay part of a monthly child-support obligation due to the occurrence of the event stated therein, i.e., the older child’s starting to attend college. Thus, we find no basis for reversing the trial court’s judgment determining that the father’s $1,000 monthly child-support obligation continued even after the older child entered college.

Conclusion

Based on the foregoing, we do not find the divorce judgment to be ambiguous. We therefore affirm the judgment of the trial court.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. Only the procedural facts pertinent to the disposition of the appeal are included in this opinion.

. We construe that motion as a motion for a partial summary judgment. Enniss Family Realty I, LLC v. Schneider Nat'l Carriers, Inc., 916 F.Supp.2d 702, 703 n. 1 (S.D.Miss.2013) (treating a motion to declare a lease as ambiguous as a motion for a partial summary judgment). Ordinarily, a party may not appeal from the denial of a summary judgment. Superskate, Inc. v. Nolen, 641 So.2d 231 (Ala.1994). Thus, as discussed infra, we consider the appeal as arising from the final judgment in which the trial court found the divorce judgment to be unambiguous and not as arising from the denial of the motion to find the divorce judgment ambiguous.